IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HORIZON GLOBAL AMERICA, INC., | ) | CASE NO. 1:20-CV-00310-PAB |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | **Jury Demand Endorsed Hereon** |
| | ) | |
| NORTHERN STAMPING, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT NORTHERN STAMPING, INC.'S ANSWER TO COMPLAINT

Defendant Northern Stamping, Inc. ("NSI") answers Plaintiff Horizon Global America, Inc.'s ("Horizon") Complaint by denying each allegation unless specifically admitted below:

1.      NSI admits that the action purports to be one for patent infringement. NSI denies that it infringes the '050 patent, but lacks sufficient information to remaining allegations of paragraph 1 and therefore denies them.

2.      NSI lacks sufficient information to respond to the allegations of paragraph 2 and therefore denies them.

3.      While this paragraph states a legal conclusion to which no response is required, NSI denies the allegations of paragraph 3.

4.      NSI lacks sufficient information to respond to the allegations of paragraph 2 and therefore denies them.

5.      NSI admits that Northern Stamping Co. is a Delaware corporation, registered as a foreign corporation with the Ohio Secretary of State, doing business as Northern Stamping, Inc.,

with a principal place of business at 6600 Chapek Parkway, Cuyahoga Heights, OH 44125. To the extent paragraph 2 states a legal conclusion, no response is required.

## ANSWER TO "JURISDICTION AND VENUE"

6.        While this paragraph states a legal conclusion to which no response is required, NSI denies the allegations of paragraph 6.

7.        While this paragraph states a legal conclusion to which no response is required, NSI denies the allegations of paragraph 7.

8.        While this paragraph states a legal conclusion to which no response is required, NSI denies the allegations of paragraph 8.

## ANSWER TO RELEVANT FACTS

9.        NSI lacks sufficient information to respond to the allegations of paragraph 9 and therefore denies them.

10.        NSI lacks sufficient information to respond to the allegations of paragraph 10 and therefore denies them.

11.        NSI lacks sufficient information to respond to the allegations of paragraph 11 and therefore denies them.

12.        NSI lacks sufficient information to respond to the allegations of paragraph 12 and therefore denies them.

13.        NSI lacks sufficient information to respond to the allegations of paragraph 13 and therefore denies them.

14.        NSI lacks sufficient information to respond to the allegations of paragraph 14 and therefore denies them.

15.     While this paragraph states a legal conclusion to which no response is required, NSI denies the allegations of paragraph 15.

16.     NSI denies the allegations of paragraph 16.

17.     NSI lacks sufficient information to respond to the allegations of paragraph 17 and therefore denies them.

18.     NSI lacks sufficient information to respond to the allegations of paragraph 18 and therefore denies them.

19.     NSI denies the allegations of paragraph 19.

20.     NSI denies the allegations of paragraph 20.

21.     NSI denies the allegations of paragraph 21.

22.     NSI admits it engaged in communication with Horizon, but denies the remaining allegations of paragraph 22.

23.     NSI denies the allegations of paragraph 23.

24.     NSI denies the allegations of paragraph 24.

**ANSWER TO COUNT I**
**Infringement of the '050 Patent**

25.     NSI incorporates its responses to the allegations in paragraphs 1 through 24 of the complaint fully.

26.     NSI denies the allegations in paragraph 26.

27.     NSI denies the allegations in paragraph 27.

28.     NSI denies the allegations in paragraph 28.

29.     NSI denies the allegations in paragraph 29.

30.     NSI denies the allegations in paragraph 30.

31.     NSI denies the allegations in paragraph 31.

32. NSI denies the allegations in paragraph 32.

33. NSI denies the allegations in paragraph 33.

34. NSI denies the allegations in paragraph 34.

35. NSI denies the allegations in paragraph 35.

36. NSI denies the allegations in paragraph 36.

37. NSI denies the allegations in paragraph 37.

## ANSWER TO PRAYER FOR RELIEF

NSI specifically controverts the requests set forth in paragraphs (A) through (K) in the section of the Complaint titled "PRAYER FOR RELIEF," and denies that Horizon is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. NSI has not and does not infringe any claim of the '050 patent either directly or indirectly and either literally or under the doctrine of equivalents.

2. Plaintiff lacks standing to bring this suit.

3. The Complaint fails to state a claim upon which relief can be granted.

4. Plaintiff's claims lack merit and are otherwise exceptional under 35 U.S.C. § 285.

5. Plaintiff's claims for relief and for damages are limited by 35 U.S.C. §§ 286 and 287.

6. Plaintiff's claims are barred in whole or in part by laches, license, waiver, and/or estoppel.

7. The claims of the '050 patent are invalid under the patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112, paragraphs 1 and 2.

8. The claims of the '050 patent are unenforceable under the patent laws because of inequitable conduct as explained in the Counterclaim below.

## COUNTERCLAIMS IN REPLY

1. Defendant Northern Stamping Inc. ("NSI") files its Counterclaim against Plaintiffs as follows:

2. NSI incorporates by reference its Answer to Horizon's Complaint.

3. Horizon sued NSI in the present action, alleging infringement of the '050 patent. Thus, an immediate, real, and justiciable controversy exists between Horizon and NSI with respect to the alleged infringement, validity, and enforceability of the '050 patent.

4. NSI is entitled to a judicial declaration that NSI does not infringe, directly or indirectly, any claim of the '050 patent, that the '050 patent is invalid, and that the '050 patent is unenforceable.

## COUNTERCLAIM I: COUNTERCLAIM OF INVALIDITY OF THE '050 PATENT

5. NSI incorporates by reference its Answer to Horizon's Complaint and Paragraphs 1 through 4 of its Counterclaims In Reply.

6. One or more claims of the '050 patent is invalid for failing to meet one or more of the requirements under Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101–103 and/or 112, paragraphs 1 and 2.

7. Specifically, one or more claims of the '050 patent is invalid as being anticipated by U.S. Patent No. 7,793,968 to Ford Global Technologies, LLC ("Ford Patent"). The Ford Patent discloses all of the claimed elements of the claims of the '050 patent.

8.      Based upon the foregoing, NSI is entitled to a judicial declaration that the '050 patent is invalid.

## COUNTERCLAIM II:  COUNTERCLAIM OF NONINFRINGEMENT OF THE '050 PATENT

9.      NSI incorporates by reference its Answer to Horizon's Complaint and Paragraphs 1 through 8 of its Counterclaims In Reply.

10.      NSI does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '050 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

11.      Based upon the foregoing, NSI is entitled to a judicial declaration that it does not infringe the '050 patent.

## COUNTERCLAIM III:  COUNTERCLAIM OF UNENFORCEABILITY OF THE '050 PATENT

12.      NSI incorporates by reference its Answer to Horizon's Complaint and Paragraphs 1 through 11 of its Counterclaims In Reply.

13.      The claims of the '050 patent are invalid and/or unenforceable under the patent laws as a result of Plaintiff's inequitable conduct in submitting an inventor's declaration in connection with its application for patent that contains material misrepresentations in order for Horizon to obtain the '050 patent.

14.      During prosecution of the '050 patent, Horizon received an Office Action rejecting the claims as being anticipated by the Ford Patent.  In response to the Office Action,

Horizon filed a declaration of inventor Eric Stanifer ("Stanifer Declaration") that asserted that the claimed invention was conceived prior to May 30, 2008. The intent of the declaration was to show that the exhibit provided on the left side of the figure ("Conception Drawing") below included all of the elements of a provisional application for the '050 patent "Provisional Application"). Figure 3 of the Provisional Application is shown on the right.

| May 8, 2008 Horizon Exhibit Drawing | Horizon Provisional Application Figure 3 |
|---|---|



15.     Each of these figures includes an "aperture" labelled in the figure from the Provision Application by numeral 18. The Conception Drawing includes no description of the aperture. The Provisional Application describes the aperture as configured to directly receive the "legs of a fifth wheel hitch:"

> vehicle. Each rail 12 may include one or more apertures 18 configured to receive and support the legs of a fifth wheel hitch. The legs may be bolted through the apertures 18, screwed into threaded apertures 18, welded to the rail 12, or connected to the rails by any other means known in the art. The rails 12 may include connecting holes 20 for connecting another member to the rail assembly 10.

7

There is no description of a "receiving member" in either the Conception Drawing or the

Provisional Application.

16.     Horizon relied on the Conception Drawing and the Provisional Application as

providing a filing date for the '050 patent to remove the Ford Patent as prior art. In fact, Mr.

Stanifer stated in the Stanifer Declaration that "The invention described and claimed in the

present application [for the '050 patent] was conceived by my fellow inventor and me prior to

the effective date of [the Ford patents], and diligently worked on and reduced to practice

following conception, as evidenced by the following facts, which are of my own knowledge."

"The drawings of Exhibit A demonstrate our conception of the claimed subject matter before the

effective date of the [Ford patents]."

17.     The claims of Horizon's '050 patent all require "a pair of receiving members

attached with said at least one tubular member, said receiving members configured to engage

an accessory member."  The receiving members are identified in the '050 patent by numeral

44 and shown in the image below taken from Figure 4 of the '050 patent:



18.     The receiving members 44 are described in the patent as being separate from but engaged with the sockets 30 as shown below in the image taken from Figure 2 of the '050 patent:



19.     Neither the Conception Drawing nor the Provision Application provide support for the "receiving member" claimed in the '050 patent.  Nor can Horizon claim that the apertures in the Conception Drawing or the Provisional Application are "receiving members."

20.     The statement in the Stanifer Declaration that "[t]he invention described and claimed in the present application [for the '050 patent] was conceived by my fellow inventor and me prior to the effective date of [the Ford patent]" is thus knowingly false and renders all claims of the '050 patent unenforceable against NSI.

### REQUESTED RELIEF ON COUNTERCLAIMS

NSI respectfully requests this Court:

A.     Declare that NSI does not infringe any claim of the '050 patent;

B.     Declare that the claims of the '050 patent are invalid;

C.     Declare that the claims of the '050 patent are unenforceable;

D.     Declare this case to be "exceptional" under 35 U.S.C. § 285 and award NSI

reasonable attorneys' fees and costs; and,

E.     Award NSI any further relief this Court deems just and proper.

## JURY DEMAND

Defendant Northern Stamping, Inc. hereby demands a trial by jury for all issues so triable.

Respectfully submitted,


/s/ *Jay R. Campbell*
Jay R. Campbell (0041293)
David A. Bernstein (0093955)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone:    216.592.5000
Facsimile:    216.592.5009
E-mail:       jay.campbell@tuckerellis.com
              david.bernstein@tuckerellis.com

*Attorneys for Defendant Northern Stamping, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2020, a copy of the foregoing Answer to Complaint  was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Jay R. Campbell*
Jay R. Campbell (0041293)

*Attorney for Defendant Northern Stamping, Inc.*