**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| Horizon Global Americas Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>Northern Stamping, Inc.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:20-cv-00310-PAB<br><br>Judge Pamela A. Barker |

**Horizon's Memorandum in Support of Motion to Dismiss**
**<u>Inequitable Conduct Counterclaim V and Strike Affirmative Defense #8</u>**

## Introduction

NSI's inequitable conduct allegations are implausible, futile and ring hollow. The Federal Circuit, in controlling precedent, denounces such claims as an "absolute plague" improperly used as a "litigation tactic" that parties attempt to raise on even the "slenderest grounds." *Therasense, Inc. v. Becton, Dickinson & Co*., 649 F.3d 1276, 1289 (Fed. Cir. 2011).

It is hornbook law that a party must allege inequitable conduct with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. The pleadings must set forth the "who, what, when, where, why, and how" supporting the allegation. And the "who" must be an individual, not a corporation.

NSI's inequitable conduct claim is based on actions of "Horizon," a corporation. As a matter of law this cannot stand as corporations cannot engage in inequitable conduct. Also, NSI fails to plead knowledge of a material misrepresentation and the specific intent to deceive the USPTO. As a result, NSI's inequitable conduct allegations must be dismissed.

## **Factual Background**

Horizon filed its First Amended Complaint on August 20, 2020, alleging that NSI has infringed two patents: the ’050 and ’585 patents. (ECF # 16.) In its answer and counterclaim, NSI alleges that the ’050 and ’585 patents are “invalid and/or unenforceable under the patent laws as a result of Plaintiff’s inequitable conduct….” (ECF # 18 at 8, ¶ 20.)

NSI identifies “Plaintiff,” as “Horizon,” which is the Horizon Global Americas Inc. (ECF # 18 at 1, preamble.) NSI then alleges that “Horizon” or “Plaintiff” performed certain alleged acts, as follows:

- “Plaintiff’s [*Horizon’s*] inequitable conduct in submitting an inventor’s declaration…” (ECF # 18 at 8, ¶ 20.)
- “*Horizon* filed a declaration…” (*Id.* at 8, ¶ 21 (emphasis added).)
- “*Horizon* relied on the Conception Drawing and the Provisional Application as providing a filing date for the ‘050 patent to remove the Ford Patent as prior art.” (*Id.* at 9, ¶ 23. (emphasis added).)
- “Nor can *Horizon* claim…” (*Id.* at 11, ¶ 26. (emphasis added).)
- “*Horizon* did not correct those misrepresentations in obtaining the ‘585 patent.” (*Id.* at ¶ 26(emphasis added).)

The complaint does not allege that any individual with a duty of candor committed any acts rising to the level of inequitable conduct.

NSI’s counterclaim further does not allege knowledge by any specific individual of a material misrepresentation other than to state in a conclusory fashion that the declaration was “knowingly false.” (*Id*. at ¶ 27.) Again, the counterclaim does not allege *whose* knowledge would be the basis knowing that any statements within were “false.”

Finally, the counterclaim does allege specific intent to deceive the USPTO, let alone any specific individual having such intent. (*See id.*)

Horizon has filed this motion to dismiss based on these failures.

## **Law and Argument**

### I. The Heightened Pleading Standard for the "Plague" of Inequitable Conduct.

"[T]he inequitable conduct doctrine has plagued not only the courts but also the entire patent system." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1289 (Fed. Cir. 2011) (en banc). In *Theranese*, the Federal Circuit noted that alleging inequitable conduct has become "a common litigation tactic," asserted in "almost every major patent case" on even the "slenderest grounds." *Id.* The Federal Circuit also recognized many costs of this "absolute plague," including "increased adjudication cost and complexity, reduced likelihood of settlement, burdened courts, strained PTO resources, increased PTO backlog, and impaired patent quality." *Id.* at 1290.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Inequitable conduct, while a broader concept than fraud, must be pled with particularity under Rule 9(b)." *Exergen Corp. v. Wal–Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009). In pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, how, and why "of the material misrepresentation or omission committed before the PTO." *Id.* at 1327. Federal Circuit law applies to the question of whether inequitable conduct has been pled in accordance with Rule 9(b). *Id.* at 1326.

While *Exergen* was decided in the context of a motion for leave to amend to add an inequitable conduct claim, its pleading standard is also used to evaluate the sufficiency of

pleadings under Rule 9(b) on motions to dismiss. *See In re BP Lubricants USA, Inc..,* 637 F.3d 1307, 1311 (Fed. Cir. 2011) (holding in motion to dismiss context "*Exergen*'s pleading requirements apply to all claims under Rule 9(b)"). Under *Exergen,* the essential elements of inequitable conduct are: "(1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO." *Id.* at 1327 n. 3. *Therasense* further heightened the standard for the materiality element of inequitable conduct, holding that "the materiality required to establish inequitable conduct is but-for materiality." *Therasense*, 649 F.3d at 1290.

## II. NSI's Inequitable Conduct Claim Does Not Allege "Who" Committed in the Conduct so that Dismissal Is Warranted.

Corporate entities *cannot* commit inequitable conduct. The duty of candor and good faith in dealing with the USPTO applies to individuals, not organizations. *See Exergen*, 575 F.3d at 1329 (citing 37 C.F.R. § 1.56(a); Manual of Patent Examining Procedure (M.P.E.P.) § 2001.01); *Senju Pharm. Co. v. Apotex, Inc*., 921 F. Supp. 2d 297, 307 (D. Del. 2013) (granting motion to dismiss). This is because only the "individual" applicants (inventors) and their representative patent counsel have a duty of candor and good faith. 37 C.F.R. § 1.56(c)(identifying only certain "individuals" and "persons" as having such duties).

NSI's inequitable conduct counterclaim fails because all allegations regarding inequitable conduct, as detailed above, are centered on Horizon and not an individual. This is not sufficient to sustain a claim for inequitable conduct under *Exergen*. Thus, because Horizon is not an individual, NSI has failed to sufficiently plead the "who" portion of a claim alleging inequitable conduct. The Court should dismiss NSI's inequitable conduct counterclaim.

## III. **NSI Does Not Allege Knowledge**

Not only has NSI failed to name any individual committing fraud, it also has not identified how that unnamed person had "knowledge" of such a purported fraud. To adequately plead inequitable conduct, a party must allege that an individual had actual "knowledge" of his or her misrepresentation. *See Exergen,* 575 F. 3d at 1327-30; *see also FMC Corp. v. Manitowoc Co., Inc.,* 835 F.2d 1411, 1415 (Fed.Cir.1987)*; Front Row Techs., LLC v. NBA Media Ventures, LLC,* 163 F. Supp. 3d 938, 983 (D.N.M. 2016)(parties alleging inequitable conduct must allege "actual knowledge" by an individual); *Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*, 326 F. Supp. 3d 521, 528 (E.D. Mich. 2018), reconsideration denied, No. 16-CV-13456, 2018 WL 4927170 (E.D. Mich. Oct. 11, 2018) (dismissing counterclaim and striking affirmative defense for inequitable conduct in part where the defendant failed to allege required knowledge). This makes sense: if an individual does not have any knowledge of a purported wrongdoing, it is implausible to allege that this person had a "specific intent to deceive" the USPTO. *See id.*

As stated in the Factual Background section above, NSI's allegations are directed only "Horizon." The counterclaim alleges that statements made in the declaration were "knowingly false," but does not allege who knew that they were false at the time the declaration was made. (ECF # 18 at 11, ¶ 27.) NSI merely alleges that "Horizon" – a corporation – purportedly knew it was false. (*Id.* at 8, ¶ 20 ("…as a result of *Plaintiff's* inequitable conduct in submitting an inventor's declaration…that contains misrepresentations….")(emphasis added).) That is an incorrect and improper basis to plead inequitable conduct. This improper, passive voice pleading shows that NSI has no plausible basis to claim that any specific person had any knowledge that what they said or did was "knowingly false." Thus, NSI has failed to plead knowledge with particularity and it must be dismissed on this second basis.

## IV. NSI Does Not Allege a Specific Intent to Deceive

NSI's allegations also fail because they do not allege "who" had a "specific intent to deceive the PTO" or that any specific intent to deceive was present at all. *See Front Row Techs., LLC*, 163 F. Supp. 3d at 986-89 (collecting cases). A party must plead facts that create a "reasonable inference beyond the mere possibility that the applicant had an intent to deceive." *Everlight Elecs. Co. v. Nichia Corp.*, 907 F. Supp. 2d 866, 876 (E.D. Mich. 2012).

Nowhere in its counterclaim does NSI even use the term "intent to deceive the USPTO." Further, the counterclaim does not in any way allege – let alone plausibly allege – which person had such an intent. Had NSI had such a plausible basis, it would have alleged it. It did no such thing. The Court should dismiss NSI's counterclaim.

## V. The Court should strike NSI's inequitable conduct affirmative defense (#8)

NSI also asserts an inequitable conduct affirmative defense. (ECF # 18, Aff. Def. ¶ 8.) "The Court may strike from a pleading an insufficient defense…" Fed. R. Civ. P. 12(f). Because NSI's inequitable conduct counterclaims should be dismissed, and the affirmative defense is simply an alternative pleading of its counterclaims, they "rise or fall together." *Medline Indus., Inc. v. C.R. Bard, Inc.*, No. 16-CV-3529, 2016 WL 5871501, at *3 (N.D. Ill. Oct. 7, 2016) (striking inequitable conduct defense with dismissal of counterclaim) (citing *Senju Pharm. Co. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 306 (D. Del. 2013)). Therefore the Court should strike NSI's inequitable conduct affirmative defense (#8) under Rule 12(f).

## **Conclusion**

For the foregoing reasons, the Court should dismiss NSI's Counterclaim V for Inequitable Conduct under Rule 12(b)(6) and strike its affirmative defense of inequitable conduct (#8) under 12(f).

Respectfully submitted,

Dated: October 2, 2020

s/David B. Cupar

David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
McDonald Hopkins LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for Horizon Global Americas Inc.*