# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Horizon Global Americas Inc., | ) | Case No. 1:20-cv-00310-PAB |
| | ) | |
| Plaintiff, | ) | Judge Pamela A. Barker |
| | ) | |
| vs. | ) | |
| | ) | |
| Northern Stamping, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### Horizon's Reply in Support of its Motion to Dismiss
### Amended Inequitable Conduct Counterclaim V and Strike Affirmative Defense #8

### Introduction

NSI's inequitable conduct claim is flawed beyond repair. NSI's response shows that it cannot meet the heightened pleading standard for inequitable conduct claims by now attempting to rely on unpled and unsupported insinuations, this time through allegations of "collaboration" with Ford based on the similarities between the two inventions. The Court should ignore these unpled and unsupported allegations. NSI's second attempt at alleging inequitable conduct is just as weak as its first and the Court should dismiss it with prejudice.

As outlined in Horizon's motion, NSI's inequitable conduct counterclaim fails for four independent reasons: (1) there is no falsity in the Stanifer Declaration; (2) the Examiner reviewed the Stanifer Declaration and the Conception Drawings and agreed that they showed conception prior to the Ford priority dates; (3) because there was no false statement there cannot be an intent to deceive; and (4) pursuant to the Local Patent Rules, Horizon has served hundreds of pages of documents, many of them confirming that the allegedly "missing" receiving member element was part of the invention well before the May 30, 2008 Ford priority date.

{9301298:5 }

NSI's opposition brief ignores or obfuscates several key facts: (1) the Conception Drawings *do* show the allegedly missing receiving members and thus the Stanifer Declaration, on its face, is true; (2) the Examiner made the same determination; and (3) the purpose of Stanifer's Declaration was not, as NSI alleges in its counterclaim, to make an irrelevant comparison between the Conception Drawings to a drawing in the provisional application. NSI's brief merely highlights that its allegations are solely based on unsupported attorney argument and the very facts that NSI cites contradict its baseless allegations of falsity by Mr. Stanifer in his declaration. Also, because Stanifer made no false statement in his declaration, it is also futile for NSI to allege that Stanifer had an intent to deceive the USPTO based on a comparison between two drawings that he never made.

NSI's brief also ignores the elephant in the room: NSI's lawyers received via Local Patent Rule in this case Stanifer's invention records which further show the receiving member developed by Stanifer well before the priority dates of the Ford patents. This completely contradicts NSI counsel's improper and baseless allegation that Stanifer lied to the USPTO about developing the receiving members before the priority date of the Ford patents.

Despite this mountain of evidence completely negating its baseless theory, NSI cavalierly argues that Rule 12(b)(6) allows NSI to make any allegation that it wants even if there are no facts to support it and the facts that NSI does have contradict the very unsupported attorney allegations it makes. The controlling law for pleading inequitable conduct with particularity and with supporting facts belies such an incorrect and improper position. It is wrong for NSI to persist in dragging the name of a mid-level engineer through the mud by alleging he committed fraud solely based on false, unsupported allegations by NSI.[1] Its allegations are a textbook

---

[1] If NSI continues to pursue this baseless and debunked theory, then Horizon will pursue sanctions.

example of the "plague" of which the Federal Circuit has repeatedly complained. The Court should grant Horizon's motion to dismiss.

## Argument

### I. The Conception Drawings show the allegedly "missing" receiving members.

The central premise of NSI's theory of inequitable conduct is that the Stanifer Declaration is false because the Conception Drawings do not show the receiving members required by the patent. NSI incorrectly claims in its response that Horizon concedes this. (ECF # 36 at 7.) Horizon does no such thing.

NSI's brief asks "why include the drawings if they did not show the invention?" (*Id*. at 2.) That is exactly the point that NSI's counsel is trying to hide from the Court – they do show the claimed invention and the Examiner confirmed that fact by reviewing the drawing and allowing the application. As shown below, the hand-drawn Conception Drawings *do* show the allegedly "missing" receiving members based on the four circles near each corner as shown by the arrows below and in comparison to Figure 4 of the '050 patent:

*Compare* **Stanifer's Drawing** *With Figure 4 of the '050 Patent*:



(ECF # 25-1 at 5; ECF # 16-1, '050 Patent, Fig. 4.)

Instead of being part of a grand conspiracy to commit fraud, Stanifer's worst crime is that he is not a professional artist. And while not the model of clarity that the professionally-generated figures in the '050 patent provide, it is impossible to argue with the fact that the drawings show the receiving members, indicated by the layered circles at the edge of each tubular member. The only immaterial difference is that the location of the apertures and the receiving members are switched in the hand-drawn embodiment, but the patent claims do not require those receiving members to be positioned so specifically. Once again, the only "falsity" here is not in Stanifer's declaration, but rather NSI's misrepresentation to the Court that the receiving members are not found on the Conception Drawing when in fact they are.

Indeed, after Stanifer's Declaration and Conception Drawings were submitted to the USPTO, the Examiner then reviewed that evidence and also determined that it showed the claimed invention prior to the priority dates of the Ford patents. The Examiner, who had previously rejected the claims, carefully reviewed the drawings *required by rule* to be attached in support of the declaration, and agreed that they showed the claimed invention and prior conception. *See, e.g.*, *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1304 (Fed. Cir. 2008) (citation omitted) (the Examiner is "presumed to have properly done [his] job.")

NSI's brief does not address this major hole further establishing implausibility. Instead, NSI only implausibly suggests that the Examiner accepted the Stanifer Declaration as true as a mere formality and did not independently review the required Conception Drawings to see if they did, in fact, show prior conception. (ECF # 36 at 7-8.) That is legally and factually incorrect. If the Examiner did not believe that the Conception Drawings did not show the claimed invention, then the Examiner could have rejected that Declaration and the Conception Drawings.

{9301298:5 } 4

He did no such thing, and the law presumes the Examiner did his job properly. Because the Conception Drawing itself along with the Examiner's review of it contradicts NSI counsel's unsupported misrepresentation of that drawing, NSI does not have a shred of fact to support its improper, bald allegation that Stanifer made a material, false statement to the USPTO. Because the Conception Drawings disclose the receiving members, there is no falsity and, as a result, no inequitable conduct can be alleged.

## II. The sole purpose of the Stanifer Declaration was to show conception of the claimed subject matter coupled with diligence prior to the priority dates of the Ford patents.

Like its incorrect counterclaim, NSI brief continues to obfuscate the "what" or reason for the Stanifer Declaration, which was simply identified on the face of his declaration: to show he and his co-inventor invented the claimed subject matter before the Ford priority dates. (ECF # 35-1 at 4-5.) However, in the counterclaim, NSI wrongly claims that the "unambiguous intent" was to show that the Conception Drawings had "all the elements of the provisional application" and, strangely, *not* the claim limitations of the patent. (ECF # 25 at 8, ¶ 21.) There is absolutely no such comparison or statement in Stanifer's Declaration so that this cannot plausibly serve as a basis that Stanifer made a false, material statement in his declaration.

Now, NSI's scattershot brief abandons its own baseless allegation to make a new, red herring argument that is not even alleged in its counterclaim: it is "inconceivable" that Stanifer did not work with Ford because the invention is very similar to Ford's and that Stanifer was required to disclose this joint inventorship to the USPTO. (ECF # 36 at 5.) NSI *never* alleged this equally baseless Ford joint inventorship conspiracy theory in its counterclaim complaint. The Court should not consider this desperate and unpled attempt to save its baseless allegations because NSI is limited to the facts it actually alleged in the counterclaim to oppose the motion to dismiss. *See Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1350 (C.D.

Cal. 2014) (citation omitted) ("In deciding a motion to dismiss, courts may not 'take into account additional facts asserted in a memorandum opposing the motion to dismiss.'") NSI's baseless joint inventorship argument in its brief not only fails to support its allegations, but only highlights the complete lack of any factual basis that supports those bald allegations. The Court is not required to "accept as true … unwarranted factual inferences." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331–32 (Fed. Cir. 2012). Such an "unwarranted factual inference" is found here: it is impossible to allege a material misrepresentation, as the Examiner's independent review found that the drawing *does* contain all of the claim limitations of the '050 patent, there is no specific intent to deceive as there is no materially false statement, and, as a result, NSI's inequitable conduct claim cannot stand.

### III. NSI's tortured theory regarding the provisional application is irrelevant to the date of prior conception.

NSI's response also continues to wrongly conflate the provisional application with the Stanifer Declaration's establishment of conception of the invention described '050 patent before the Ford patents' priority date. (*See, e.g.*, ECF # 36 at 7 (alternating between provisional application and the '050 as if there is no difference between the two.).) In doing so, NSI seriously misrepresents Horizon's position. NSI's brief claims that Horizon argued that "it was not Mr. Stanifer's 'unambiguous intent' to imply that the drawings showed his invention." (ECF # 36 at 2.) NSI's strawman mischaracterization is ***not*** what Horizon argued. Instead, Horizon identified that what NSI *actually alleged in the counterclaim* was false on its face: NSI alleges it was Stanifer's "unambiguous intent" to show that the Conception Drawings showed "all of the elements of a *provisional application*." (ECF # 35-1 at 8.) As Horizon noted, NSI's counterclaim incorrectly compared one drawing from the provisional application to the drawings attached to the Stanifer Declaration and used that as the basis for its inequitable conduct counterclaim. (*Id*. at

9.) NSI's comparison of those two drawings, however, is completely irrelevant because that was not an issue before the USPTO and that was not what Stanifer was testifying about in his declaration. The Stanifer Declaration did not address this point, and the declaration is unambiguously truthful. Therefore, NSI's attorney argument attempting to compare two irrelevant drawings with each other does not establish that Stanifer himself stated anything false in this declaration. NSI's inequitable conduct claim should be dismissed with prejudice on this basis.

## Conclusion

For the reasons stated in Horizon's memorandum supporting its motion to dismiss (ECF # 35-1) and the foregoing, the Court should grant Horizon's motion to dismiss NSI's Counterclaim V and strike its affirmative defense #8.

Respectfully submitted,

Dated:  January 6, 2021

s/ David B. Cupar
David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
Andrew D. Gordon-Seifert (OH0092499)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com
agordon-seifert@mcdonaldhopkins.com
*Counsel for Horizon Global Americas Inc.*