UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| HORIZON GLOBAL AMERICAS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NORTHERN STAMPING, INC., )<br>)<br>Defendant, ) | Case No. 1:20-cv-00310-PAB<br><br>Honorable Judge Pamela A. Barker |

**DEFENDANT NORTHERN STAMPING, INC.'S MOTION FOR STAY PENDING RESOLUTION OF *INTER PARTES* REVIEW**

Defendant Northern Stamping, Inc. ("NSI") moves for a stay of this litigation pending resolution of an *inter partes* review ("IPR") of U.S. Patent 10,589,585 ("the '585 patent").

This litigation involves Horizon's assertion of two related patents, U.S. Patent No. 9,834,050 ("the '050 patent"), and the '585 patent. The '585 patent is a continuation of the '050 patent, and the two patents share an identical specification. The only difference is that the asserted claims of the '050 patent are broader than the asserted claims of the '585 patent. Horizon contends that the claims of both patents are infringed by the same accused products.

On August 20, 2021, NSI filed a petition for IPR of claims 16-20 of the '585 patent—all of the claims of the '585 patent that Horizon asserts in this case. IPR2021-01411. By statute, the Patent Trial and Appeal Board ("PTAB") will issue an institution decision within roughly six months of the petition, and if instituted, the IPR will conclude approximately twelve months later.

For the reasons provided in more detail in the attached memorandum, resolution of the validity of the asserted claims of the '585 patent in IPR2021-01411 will fundamentally simplify

1

the issues in this case and likely resolve all issues related to the broader '050 patent as well. Indeed, the same claim limitations in both patents determine the resolution of this case.

A stay will not unduly prejudice Horizon, and any claim of irreparable harm is belied by Horizon's over-two-year delay between notifying NSI of the alleged infringement and the filing of this suit.  Moreover, this case is in its early stages.  This Court has not conducted a claim construction hearing and has not set a trial date.  Fact discovery is open.  No depositions have been taken.  Expert discovery and dispositive motion practice have not occurred.

Accordingly, and as further set forth in the attached memorandum, the relevant stay factors all weigh heavily in favor of staying this case pending resolution of IPR2021-01411.[1]

Dated:  September 8, 2021   Respectfully submitted,

By: /s/ Jay R. Campbell
Ron N. Sklar
Dennis J. Abdelnour
**HONIGMAN LLP**
155 North Wacker Drive, Suite 3100
Chicago, IL 60606
(312) 701-9300
rsklar@honigman.com
dabdelnour@honigman.com

Jay R. Campbell (0041293)
David A. Bernstein (0093955)
**TUCKER ELLIS LLP**
950 Main Avenue Suite 1100
Cleveland, OH 44113
(216) 592-5000
jay.campbell@tuckerellis.com
david.bernstein@tuckerellis.com

*Attorneys for Defendant Northern Stamping, Inc.*

---

[1] On September 7, 2021, counsel for NSI conferred with counsel for Horizon regarding this motion, and Horizon indicated that will oppose.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HORIZON GLOBAL AMERICAS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00310-PAB |
| | ) | |
| NORTHERN STAMPING, INC., | ) | Honorable Judge Pamela A. Barker |
| | ) | |
| Defendant, | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT NORTHERN STAMPING, INC.'S MOTION FOR STAY**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................1

II. BACKGROUND .....................................................................................................2

III. LEGAL STANDARD ..............................................................................................3

IV. ARGUMENT ...........................................................................................................4

    A. This Case Is In Its Early Stages, Fact Discovery Is Open, And A Trial Date Has Not Yet Been Set ..........................................................................4

    B. Entering A Stay To Allow The PTAB To Adjudicate Validity Will Significantly Simplify The Issues In This Case .........................................5

    C. A Stay Would Not Prejudice Horizon .........................................................9

V. CONCLUSION ......................................................................................................11

i

# TABLE OF AUTHORITIES

                                                                                                                                    **Page(s)**

**Cases**

*01 Communique Lab., Inc. v. Citrix Sys., Inc.*,
  No. 06-CV253, 2008 WL 696888 (N.D. Ohio, Mar. 12, 2008) ............................................4, 5

*Abcellera Biologics Inc. v. Berkeley Lights, Inc.*,
  No. 20-cv-08624, ECF 103 (N.D. Cal. Aug. 26, 2021).............................................................6

*Allied Erecting and Dismantling Co. v. Genesis Equip. and Mfg., Inc.*,
  No. 4:08-cv-589, 2010 WL 3239001 (N.D. Ohio Aug. 16, 2010).......................................9, 10

*Allied Mach. & Eng'g Corp. v. Competitive Carbide, Inc.*,
  No. 1:11-cv-2712, 2013 WL 5566158 (N.D. Ohio Oct. 8, 2013)..............................................5

*Automated Packaging Sys., Inc. v. Free Flow Packaging Int'l, Inc.*,
  No. 5-14-cv-02022, 2016 WL 9782345 (N.D. Ohio April 15, 2016)..................................5, 11

*Bio-Rad Laboratories, Inc. v. 10X Genomics, Inc.*,
  Civ. A. No. 18-1679, D.I. 123 (D. Del. Jun. 2, 2020)...............................................................1

*Ethicon v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988)................................................................................................3

*Ingro v. Tyco Indus., Inc.*,
  No. 84-C-10844, 1985 WL 1649 (N.D. Ill. May 31, 1985)................................................1, 10

*Intellectual Ventures II LLC v. Huntington Bancshares Inc.*,
  No. 2:13-cv-00785, 2014 WL 2589420 (S.D. Ohio Jun. 10, 2014)......................................3, 4

*Kirsch Research And Dev., LLC, v. Owens Corning Roofing & Asphalt, LLC*,
  Case No. 5:20-cv-0901, ECF 31 at *2 (N.D. Ohio April 1, 2021) .........................................10

*Lincoln Elec. v. Seabery Soluciones*,
  No. 1:15-CV-1575, 2017 WL 159132 (N.D. Ohio Jan. 13, 2017) ...........................................6

*Monterey Research, LLC v. Nanya Tech. Corp.*,
  Case No. 1-19-cv-2090, ECF 84 (D. Del., June 25, 2021)...............................................4, 5, 6

*Stuart v. Rust-Oleum Corp.*,
  No. 2:16-CV-622, 2018 WL 4559058 (S.D. Ohio Sep. 21, 2018) .......................................4, 5

*Tdata v. Aircraft Tech. Publishers*,
  No. 2:03-cv-264, 2008 WL 77741 (S.D. Ohio Jan. 4, 2008)....................................................5

*The Noco Company, Inc. v. Shenzhen Changxinyang Technology Co., Ltd.*,
    Case No. 1:17-cv-2209, ECF 62 (N.D. Ohio Nov. 24, 2020)..........................................1, 6, 11

**Statutes**

35 U.S.C. § 316(a)(11)............................................................................................................11

iii

I.      **INTRODUCTION**

NSI respectfully requests that the Court stay this action in view of NSI's recently filed petition for *inter partes* review ("IPR") with the Patent Trial and Appeal Board. That petition challenges the validity of all of the asserted claims of Horizon's U.S. Patent No. 10,589,585 and greatly effects the validity of the other Horizon patent in this litigation, U.S. Patent No. 9,834,050.

As this Court has recognized, the IPR process was designed as an alternative way of adjudicating the validity of a patent asserted in a district court, and as such a stay will fundamentally "simplify the issues presented for resolution at trial." *The Noco Company, Inc. v. Shenzhen Changxinyang Technology Co., Ltd.*, Case No. 1:17-cv-2209, ECF 62 at *5 (N.D. Ohio Nov. 24, 2020). This case is exactly the type of case in which district courts across the country routinely grant stays in view of IPR proceedings. It is in its early stages, with "the most burdensome stages of the case—completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all… in the future." *Bio-Rad Laboratories, Inc. v. 10X Genomics, Inc.*, Civ. A. No. 18-1679, D.I. 123 at *2 (D. Del. Jun. 2, 2020).

Horizon, who didn't move for preliminary injunctive relief, cannot point to any irreparable harm should this Court grant the stay. This is especially so given that Horizon waited *over two full years* after giving NSI notice of alleged infringement before bringing this action, and *another four months* before serving the complaint. Thus, "in light of plaintiff's own delay in initiating litigation, a stay pending completion of reexamination proceedings . . . will constitute neither undue nor unreasonable delay." *Ingro v. Tyco Indus., Inc.*, No. 84-C-10844, 1985 WL 1649, at *3 (N.D. Ill. May 31, 1985).

Accordingly, this case should be stayed pending NSI's IPR of the '585 patent.[2]

## II. BACKGROUND

Horizon asserts that NSI infringes two related patents, U.S. Patent Nos. 9,834,050 and 10,589,585. The '050 patent issued on December 5, 2017. Within a week, on December 12, 2017, Horizon sent a cease-and-desist letter to NSI, alleging that NSI's combined gooseneck and fifth wheel hitch mounting system infringes the '050 patent. ECF 16 at ¶ 23; *see also* Ex. C, ECF 16-3.

Despite that early accusation, Horizon did not file the Complaint initiating this action until February 12, 2020, over two full years later. ECF 1. In its initial Complaint, Horizon asserted that the very same hitch-mounting systems it had first accused in December 2017 infringe claims of the '050 patent. *Id.* at ¶¶ 21, 27-28, 31, & Ex. B, ECF 4-2. Even then, Horizon did not actually serve its Complaint until June 9, 2020—nearly four months after filing the Complaint and two months after this Court issued an order requiring Horizon to show cause why it had taken no steps to serve. ECF 6; *see also* ECF 7 (Horizon's motion seeking a 60-day extension to serve Complaint).

On August 20, 2020, Horizon filed its First Amended Complaint, ECF 16, adding allegations of infringement of U.S. Patent No. 10,589,585, which had issued in March 2020. Horizon's infringement allegations relating to the '050 and '585 patents are nearly identical, concern the same claim limitations, and are directed to the same accused hitch-mounting system. D.I. 16, ¶¶ 32-42 (allegations and claim chart of Claim 1 of the '050 patent), ¶¶ 45-55

---

[2] NSI intends to file a motion to amend its complaint to add newly-discovered claims of inequitable conduct and improper inventorship. To avoid any argument of delay, NSI intends to file its motion to amend within two weeks of this motion. NSI recognizes that if the Court grants a stay, it will not need to rule on the motion to amend until after the stay is lifted.

(allegations and claim chart of Claim 16 of the '585 patent).

The '585 patent is a continuation of the '050 patent, meaning the two patents share an identical specification and drawings, claim priority to the same priority date, and list the same inventors. The claims are only marginally different. In fact, the infringement and validity disputes affect the very same claim terms.

On March 17, 2021, the parties jointly sought a stay of this action to engage in settlement discussions, which this Court granted. ECF 39. The Court reopened the case on June 17, 2021, after the parties reported that their settlement efforts were unsuccessful. ECF 44.

The case is in the very early stages of fact discovery, even more so because of several unsuccessful rounds of mediation. Although there has been discussion of deposition scheduling, no depositions have yet occurred. The parties submitted opening claim construction briefs on August 13, 2021. Responsive claim construction briefs are due on September 14, 2021, and the Joint Claim Construction and Prehearing Statement is due on September 20, 2021. ECF 48. A claim construction hearing has not yet been scheduled. *See id.* The Court has not yet scheduled a trial date.

On August 20, 2021, Northern Stamping filed an IPR challenging the validity of claims 16-20 of the '585 patent, which are all of the claims of the '585 patent that Horizon is asserting in this case. IPR2021-01411. Under the PTAB's procedures, a decision on the petition is expected within six months of the petition filing date, and a final written decision if instituted approximately twelve months later.

### III. LEGAL STANDARD

"It is beyond dispute that district courts have inherent power to manage their dockets and issue stays where appropriate." *Intellectual Ventures II LLC v. Huntington Bancshares Inc.*, No. 2:13-cv-00785, 2014 WL 2589420, at *2 (S.D. Ohio Jun. 10, 2014); *Ethicon v. Quigg*, 849 F.2d

3

1422, 1426-27 (Fed. Cir. 1988). "Courts thus have the power to stay patent proceedings pending the results of an inter parties review by the PTAB." *Stuart v. Rust-Oleum Corp.*, No. 2:16-CV-622, 2018 WL 4559058, at *1 (S.D. Ohio Sep. 21, 2018).

When deciding whether to stay an action pending IPR, courts consider three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Intellectual Ventures II*, 2014 WL 2589420 at *2. In addition, courts may consider whether a party seeks a stay for dilatory motives. *01 Communique Lab., Inc. v. Citrix Sys., Inc.*, No. 06-CV253, 2008 WL 696888 at *2-3 (N.D. Ohio, Mar. 12, 2008).

## IV. ARGUMENT

All three of the stay factors weigh heavily in favor of a stay of this action.

### A. This Case Is In Its Early Stages, Fact Discovery Is Open, And A Trial Date Has Not Yet Been Set

"Staying a case in its early stages advances judicial efficiency and prevents the court and the parties from expending resources on claims that may be rendered invalid." *Monterey Research, LLC v. Nanya Tech. Corp.*, Case No. 1-19-cv-2090, ECF 84 at 2, n.1 (D. Del., June 25, 2021). "Indeed, 'stays are favored when the most burdensome stages of the case—completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future." *Id.* (quoting *Bio-Rad Laboratories, Inc. v. 10X Genomics, Inc.*, No. 18-1679, ECF 123 at *2 (D. Del. Jun. 2, 2020)).

Here, the early nature of this case favors a stay. Fact discovery is still open, and the parties have yet to conduct any depositions. No expert discovery has occurred, no dispositive

4

motions have been filed, and no trial date has been set. Although the parties have filed opening *Markman* briefs, the full briefing is not scheduled to be completed until September 14, 2021, and a *Markman* hearing has yet to be scheduled. Thus, "the most burdensome stages of the case" "all lie in the future," which favors the granting of a stay. *Monterey Research*, Case No. 19-2090, ECF 84 at 2, n.1.

Even in cases that have progressed much further than this one, district courts in this Circuit routinely issue stays pending Patent Office review proceedings. *See, e.g.*, *Tdata v. Aircraft Tech. Publishers*, No. 2:03-cv-264, 2008 WL 77741, *2 (S.D. Ohio Jan. 4, 2008) (staying case five years after Complaint in view of Patent Office reexamination); *01 Communique*, 2008 WL 696888, at *2 (staying case at summary judgment phase pending resolution of Patent Office reexamination); *Allied Mach. & Eng'g Corp. v. Competitive Carbide, Inc.*, No. 1:11-cv-2712, 2013 WL 5566158, at *2 (N.D. Ohio Oct. 8, 2013) (staying case near end of fact discovery in view of Patent Office reexamination); *Stuart*, 2018 WL 4559058 at *1 (staying case after *Markman* hearing pending resolution of IPR).

Finally, there is no dilatory motive. To the contrary, NSI brings this motion shortly after filing its IPR petition (filed August 20, 2021), and does so not for purposes of any delay or dilatory tactics, but rather judicial efficiency. Indeed, "this Court has held that filing of a motion to stay just over a month after the submission of a reexamination request did not demonstrate that the moving party engaged in dilatory tactics." *Automated Packaging*, 2016 WL 9782345 at *5 (citing *01 Communique*, 2008 WL 696888 at *3). Therefore, this factor weighs heavily in favor of a stay.

**B. Entering A Stay To Allow The PTAB To Adjudicate Validity Will Significantly Simplify The Issues In This Case**

This Court and district courts across the country regularly grant stays in patent cases in

5

view of timely-filed petitions for IPR.  As this Court explained in a recent decision granting a stay under similar circumstances:

> This Court and others within this District have held that a stay will simplify the issues presented for resolution at trial. It is more likely than not that at least some of the claims before this Court will be modified if the USPTO accepts … the Petition[] for Inter Partes Review. If the review results in a determination that the Patent presently before the Court is no longer valid, Plaintiff's cause of action disappears. In any event, the Court will have the benefit of the record before the USPTO and will have the benefit of its expertise on the validity of claims. Undoubtedly, the litigation will be simplified or streamlined following reexamination.

*The Noco Company*, No. 1:17-cv-2209, ECF 62 at *5-6; *Monterey Research*, Case No. 19-2090, ECF 84 at 2, n.1 ("Should all of the asserted claims be found invalid, this litigation would be 'simplified' because it would be concluded as to four of the six asserted patents. Alternatively, should even some of the asserted claims be found invalid, that finding would reduce the number of issues left to be litigated.").[3]

The simplification of issues described above will certainly occur here.  NSI filed an IPR challenging the validity of claims 16-20 of the '585 patent, which is all of the claims that Horizon is asserting on the '585 patent in this case.  If the Patent Office invalidates any or all of those claims, it eliminates any further adjudication of those claims in this Court.  If it does not, NSI will be estopped from litigating validity issues that it raised or could have raised in its IPR petition.  Either way, a stay avoids duplicative litigation.  Further, the Court and parties will benefit from the PTAB's expertise in ruling on the validity issues before it.

Although NSI did not file a challenge to the '050 patent, which is also being asserted in

---

[3] "Although the PTAB has not yet instituted the IPR[], courts routinely stay lawsuits pending institution decisions." *Abcellera Biologics Inc. v. Berkeley Lights, Inc.*, No. 20-cv-08624, Dkt. 103 at 2 (N.D. Cal. Aug. 26, 2021); *see also Lincoln Elec. v. Seabery Soluciones*, No. 1:15-CV-1575, 2017 WL 159132, at *1 (N.D. Ohio Jan. 13, 2017) (staying entire case in view of IPR on one patent where IPR was denied as to three other asserted patents).

this case, the simplification of issues that will inevitably result from the PTAB's resolution of the IPR on the '585 patent will also directly bear on issues involving the '050 patent. Indeed, the parties dispute the meaning of the very same claim construction terms shared by the patents in the claim construction proceedings: "tubular member having a cross-sectional shape defined by an enclosed peripheral wall with a generally hollow section" and "receiving member."

There are at least three reasons why a stay would significantly simplify the issues in this case as to both patents. First, NSI is willing to stipulate that, in the event a stay is issued, the PTAB institutes an IPR on the '585 patent, and the PTAB issues a Final Written Decision finding the claims of the '585 patent not invalid, NSI would agree to be bound by the same estoppel requirements on the '050 patent that would apply to the '585 patent. Thus, a stay will eliminate validity issues on the '050 patent as well as on the '585 patent.

Second, to the extent that NSI succeeds in invalidating the claims of the '585 patent in the IPR, the Patent Office's guidance on those claims will bear directly on the '050 patent. That is because the asserted claims of the '050 patent and '585 patent are nearly identical, with the claims of the '585 patent actually being narrower, as shown in the side-by-side below:

| '050 patent claim 1 | '585 patent claim 16 |
|---|---|
| 1. An underbed hitch mounting system comprising: | 16. A hitch mounting system comprising: |
| ***at least one*** tubular member having a cross-sectional shape a substantial portion of which is defined by an enclosed peripheral wall with a generally hollow section; | ***a pair of*** tubular members each having a cross-sectional shape a substantial portion of which is defined by an enclosed peripheral wall with a generally hollow section; |
| a central member attached to said at least one tubular member, said central member having a socket; and | a mid rail attached to each of and between said pair of tubular members spacing said pair of tubular members apart, said mid rail having a socket ***capable of accepting a gooseneck hitch ball***; and |
| a pair of receiving members attached with said at least one tubular member, said receiving members configured to engage ***an*** | a pair of receiving members attached with each of said pair of tubular members, said receiving members configured to engage ***a leg*** |

7

| *accessory member*. | *of a fifth wheel hitch*. |

Indeed, as the comparison above makes clear, the '050 patent is actually *broader* than the '585 patent in that it only requires a single "tubular member," while the '585 patent requires "a pair of" tubular members. Also, the '585 patent narrowly recites that the "receiving members" are "configured to engage a leg of a fifth wheel hitch," while the '050 patent more broadly claims "configured to engage an accessory member." As such, a prior art reference that invalidates the narrower '585 patent will likely, if not necessarily, invalidate the broader '050 patent.

Third, Horizon is asserting both patents against the same exact accused products and the same exact features of those accused products. Indeed, Horizon's infringement contentions on each patent are nearly identical, with the only difference being Horizon asserting that the receiving members are configured to engage "an accessory member" ('050 patent), on the one hand, and a "leg of a fifth wheel hitch" ('585 patent) on the other:

8



Thus, to the extent that the prior art invalidates the narrower claims of the '585 patent, the same prior art would inevitably invalidate the broader claims of the '050 patent. Also, should any claims of the '585 patent survive the IPR process, the parties and this Court will benefit from the PTAB's expertise in its validity reasoning and ultimate ruling, and that will extend to the '050 patent as well. Therefore, this factor weighs heavily in favor of granting a stay.

C. **A Stay Would Not Prejudice Horizon**

Horizon cannot contend that a stay will cause any irreparable harm or other undue prejudice. Horizon did not file a motion for preliminary injunctive relief. *Allied Erecting and*

9

*Dismantling Co. v. Genesis Equip. and Mfg., Inc.*, No. 4:08-cv-589, 2010 WL 3239001, at *2 (N.D. Ohio Aug. 16, 2010) (finding no undue prejudice where plaintiff "ha[d] not sought a preliminary injunction" among other factors). Moreover, Horizon has moved with little urgency in seeking to enforce its patent claims. By its own admissions in its Complaint, Horizon first became aware of NSI's alleged infringement in December 2017, when Horizon sent NSI a letter demanding that NSI cease and desist from selling the very products now being accused in this litigation. ECF 16 at ¶ 23; *see also* Ex. C, ECF 16-3. Yet Horizon failed to take any legal action for over two years, not filing its original Complaint until February 2020. Even then, Horizon waited another four months before making any effort to serve the Complaint on NSI. ECF 6; ECF 7. And during the pendency of this case, Horizon jointly requested a three-month stay to conduct mediation. ECF 39.

Horizon's delay if not reluctance in bringing and in seeking to prosecute this case undermines any possible assertion that Horizon would suffer irreparable harm from a stay. *See Kirsch Research And Dev., LLC, v. Owens Corning Roofing & Asphalt, LLC*, Case No. 5:20-cv-0901, ECF 31 at *2 (N.D. Ohio April 1, 2021) (granting a stay, and relying on the fact that "[plaintiff] first contacted [defendant] about the [asserted] patent in 2016, but then waited nearly three years before filing this case"); *Allied Erecting*, 2010 WL 3239001, at *2 ("Plaintiffs have to this point moved with little urgency in prosecuting the instant matter."); *Ingro v. Tyco Indus., Inc.*, No. 84-C-10844, 1985 WL 1649, at *3 (N.D. Ill. May 31, 1985) ("[E]specially in light of plaintiff's own delay in initiating litigation, a stay pending completion of reexamination proceedings . . . will constitute neither undue nor unreasonable delay.").

Further, delay alone is not the type of prejudice that weighs against a stay. "[I]f delay were enough to deny a stay, 'few if any patent cases would be stayed pending reexamination.'"

10

*The Noco Company*, Case No. 1:17-cv-2209, ECF 62 at *5-6; (quoting *Allied Erecting*, 2010 WL 3239001, at *2). Regardless, the IPR process is mandated to conclude within one year of institution if the petition is instituted, and if not instituted, the stay will be for a much shorter length of time. 35 U.S.C. § 316(a)(11).

Even if Horizon were to allege some irreparable harm, its own allegations would disprove it. As Horizon's complaint admits, NSI sells the accused products to General Motors, which declined to do business with Horizon even before engaging with NSI. ECF 16, ¶ 22. Nor can Horizon contend that this is somehow a two-competitor market. In any event, "this Court has granted stays in patent infringement cases, even when the parties are direct competitors." *Automated Packaging Sys., Inc. v. Free Flow Packaging Int'l, Inc.*, No. 5-14-cv-02022, 2016 WL 9782345 at *4 (N.D. Ohio April 15, 2016). Therefore, this factor weighs heavily in favor of granting a stay.

## V.     CONCLUSION

Each of the three factors used in evaluating whether a stay should be granted fall decided in NSI's favor. The litigation is in its very early stages with no depositions having been taken. The IPR will likely decide all if not significantly simply the remaining issues for the Court. And, lastly, Horizon has demonstrated no haste is resolving this issue having waited two years to file the case after first accusing NSI of infringement and thus would not be prejudiced by the IPR.

This Court should enter a stay pending resolution of the validity of the asserted claims of the '585 patent by the PTAB in IPR2021-01411.

Dated:  September 8, 2021	Respectfully submitted,

By: /s/ *Jay R. Campbell*

Ron N. Sklar
Dennis J. Abdelnour
**HONIGMAN LLP**
155 North Wacker Drive, Suite 3100
Chicago, IL 60606
(312) 701-9300
rsklar@honigman.com
dabdelnour@honigman.com

Jay R. Campbell (0041293)
David A. Bernstein (0093955)
**TUCKER ELLIS LLP**
950 Main Avenue Suite 1100
Cleveland, OH 44113
(216) 592-5000
jay.campbell@tuckerellis.com
david.bernstein@tuckerellis.com

*Attorneys for Defendant Northern Stamping, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Jay R. Campbell*