UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HORIZON GLOBAL AMERICAS INC., | ) | |
| Plaintiff, | ) | CASE NO. 1:20-cv-00310-PAB |
| | ) | |
| v. | ) | JUDGE PAMELA A. BAKER |
| | ) | |
| NORTHERN STAMPING, INC., | ) | **NORTHERN STAMPING INC.'S** |
| Defendant. | ) | **MOTION FOR LEAVE TO AMEND** |
| | ) | **ITS FIRST AMENDED ANSWER** |
| | ) | |
| | ) | |

## I.      INTRODUCTION

NSI seeks leave of the Court to amend its answer to add a claim for inequitable conduct and improper inventorship of the Horizon patents-in-suit.  Sean Withers, a former Ford employee, recently drafted a troubling declaration testifying that he is the true inventor of the combination hitch mount disclosed in the Horizon patents—not Horizon's named inventors.

Mr. Withers explains that:

- he conceived of the inventions claimed in Horizon's patents-in-suit while he was at Ford, Sean Withers Decl. at ¶ 11, previously filed as ECF 54-1, attached as Exhibit A;

- *after* he conceived of the hitch mount invention, Ford contacted Horizon to ask Horizon if it could manufacture Mr. Withers's mounting hitch for Ford;

- Ford disclosed Mr. Withers's invention to Horizon, not the other way around, ¶ 12, 14, and 15;

- the inventions claimed in Horizon's patents-in-suit are Mr. Withers's invention and *not* Horizon's, ¶ 18; and,

- Horizon did not dispute the fact that Mr. Withers of Ford had invented the combination hitch mount when Ford informed Horizon that Ford would seek a patent on it and Horizon did not claim that Horizon had invented it. ¶ 20.

Withers Decl., Exhibit A. Yet, Horizon subsequently claimed Mr. Withers's invention as its own, and filed this suit.

Fed. R. Civ. P. 15(a)(2) requires that "[c]ourts should freely give leave [to amend] when justice so requires." *ShieldMark, Inc. v. Creative Safety Supply, LLC.,* 2012 WL 6824003 *2 (N.D. Ohio 2012) (allowing amendment to add claim for inequitable conduct).  The test is whether, taking all of the allegations as true in the amended answer, the claim is not futile, i.e., it "raises a right to relief above the speculative level."  ECF 46, p. 5.

Taking Mr. Withers's allegations—which are incorporated into NSI's Second Amended Answer—as true, there is no doubt that NSI's claims of inequitable conduct and improper inventorship rise to a level well above speculation.  The Horizon inventors signed a declaration with the Patent Office claiming they are the true and original inventors.  Mr. Withers testifies, however, that he invented the combination hitch and disclosed it to Horizon.  Thus, the Horizon inventors' declarations are knowingly false.

To sufficiently plead the intent prong of inequitable conduct, one "need only allege facts from which the Court could *reasonably infer* that the patent applicant made a deliberate decision to deceive the PTO."  *Front Row Techs., LLC v. NBA Media Ventures, LLC,* 163 F. Supp. 3d 938, 986 (D.N.M. 2016) (emphasis original).  That

5296850.1

inference can reasonably be drawn here based on Mr. Withers's declaration and

Horizon's actions.  Mr. Withers no longer works for Ford and has no reason to lie about

being the true inventor of the combination hitch mount.  His testimony that Horizon

employees knowingly deceived the Patent Office by misrepresenting that they are

original inventors is persuasive.  It far exceeds that necessary to state a sufficient claim.

*See Theranos, Inc. v. Fuisz Pharma, LLC*, 876 F.Supp.2d 1123, 1137-8 (N.D. Cal. 2012)

(finding inequitable conduct sufficiently pled where complaint alleged named inventors

falsely declared they were the original and sole inventors.); *see also, Intellect Wireless,*

*Inc. v. HTC Corp.,* 732 F.3d 1339, 1342-5 (Fed. Cir. 2013) (holding that the submission

of a knowingly false declaration is material and "raises a strong inference of intent to

deceive.").

Based on Mr. Withers's compelling testimony, NSI requested that Horizon dismiss

this ill-considered suit.  Horizon did not respond.  Thus, this motion is justified and

necessary.  A proposed Second Amended Answer is attached.

## II.  BACKGROUND

### A.  The Horizon patents are predated by patents to Ford that disclose not only the same invention but include a nearly identical figure.

Ford has a patent on the very same combination hitch mount as Horizon.  The

Ford patent, U.S. Patent No. 7,793,968 ("Ford Patent"), previously filed as ECF 36-1,

was filed before Horizon's patents-in-suit and names Sean Withers as the inventor.

Even to the casual viewer Figure 1 of the Ford Patent is nearly identical to Figure

4 of the later filed Horizon patents:

5296850.1

| Ford '968 Patent | Horizon '050 and '585 Patents |
|---|---|
|  | |

That goes way beyond coincidence.  Indeed, as Mr. Withers made clear in his declaration, it was no coincidence at all.

**B.      NSI investigates the prior art Ford patents drawn to the same invention as the Horizon patent and learns that Sean Withers of Ford conceived of the combination hitch and disclosed it to Horizon.**

Because it seems inconceivable that two companies that worked together somehow independently came up with the same idea for a combination hitch mount at nearly the same time and stumbled upon the same drawing, drawn in the same way, to represent it in their patents, NSI continued its investigation by talking with the inventor of the Ford patent, Sean Withers.

According to Mr. Withers, he conceived of the invention claimed in the Horizon patents-in-suit—***not*** Mr. Stanifer (a named inventor on Horizon's patents) or anyone at Horizon.  Withers Declaration, ¶¶ 10-11 and 14-15.  Mr. Withers in fact disclosed his invention to Horizon, including Mr. Stanifer, so that Horizon could manufacture it for

4

Ford.  *Id.* at ¶ 11-12 and 14-15.  Horizon at that time did not claim that it had already invented the very same thing.  *Id.* at ¶ 20.

As Mr. Withers testified, Ford recognized the need for a new underbed hitch mount for its 2011 line of heavy-duty pickup trucks.  *Id.* at ¶ 5.  At a meeting with Ford's marketing team, Harry Rawlins of Ford suggested the idea of an underbed hitch mount that could accommodate both gooseneck and fifth wheel hitches.  *Id*. at ¶ 7.  As the engineer responsible for the Ford pickup truck frame systems, Ford assigned Sean Withers to develop this combination hitch mount.  *Id.* at ¶ 8.

Mr. Withers, familiar with then existing underbed fifth wheel and underbed gooseneck hitch systems, and recognizing that each had a similar footprint, determined that Ford's combination hitch should include a gooseneck hitch connected to an underbed fifth wheel hitch system—the gooseneck receiver tube being positioned between the four fifth wheel mounting pads.  *Id.* at ¶¶ 9-10.  After conceiving of this combination hitch, Ford set out to select a supplier to manufacture Mr. Withers's combination hitch, and eventually settled on Horizon (f/k/a Cequent).  *Id*. at ¶ 11.  Ford and Horizon worked together to prepare Mr. Withers's combination hitch for manufacture.  *Id*. at ¶ 12.  In fact, Mr. Withers worked with Mr. Stanifer as part of this process, and Mr. Stanifer became familiar with Mr. Withers's combination hitch.  *Id.*  This process resulted in an early prototype, which is referred to by Mr. Withers as an H-shaped plate design.  *Id*. at ¶ 13.  But the H-shaped plate did not pass Ford's durability requirements.  *Id.*  Due to those failures, Mr. Withers identified a more durable design: castings connected to transverse bars, with a mounting pad positioned on each casting.  *Id*. at ¶ 14.  Mr. Withers disclosed

5296850.1

this design to Horizon, and Ford provided Horizon with all of the measurements necessary for this design to meet Ford's requirements. *Id*. at ¶ 15. Cequent then manufactured this combination hitch, which is the specific embodiment disclosed first in the Ford Patent and later in Horizon's patents. *Id*. at ¶¶ 16-18.

**C.      The purported Horizon inventors, including Mr. Stanifer, falsely stated in their Inventor Declarations that they are the original inventors of the Horizon patents when in fact they learned of the invention from Mr. Withers of Ford.**

Although Mr. Withers of Ford invented the combination hitch mount and disclosed his invention to Horizon, the Horizon inventors each filed a declaration falsely claiming to be the original inventors of the very same combination hitch mount ("the Inventorship Declaration"):

Title of Invention: Underbed Hitch Mounting System

As the below named inventor, I hereby declare that this declaration is directed to the attached application.

The above-identified application was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.

Exhibit B. They did this knowing that Mr. Withers was the original inventor.

Thus, Mr. Withers's declaration provides the necessary proof to infer that Horizon obtained its patents in suit by deceiving the Patent Office into believing Horizon had invented the patents.

6

**D.** **NSI's new claims in its Proposed Second Amended Answer and Counterclaims are based on the filing of false Inventor Declarations where the named Horizon inventors swore that they were the original inventors of the combined hitch mount when in fact they had learned of that invention from Sean Withers of Ford.**

With this motion for leave is provided NSI's Proposed Second Amended Answer and Counterclaims ("SAA").  The SAA adds two counterclaims both arising from the same central set of facts: 1) a counterclaim for inequitable conduct based on the false inventorship declarations (¶¶ 19 - 64); and 2) a counterclaim for invalidity based on incorrect inventorship (¶¶ 65 - 70).

Both counterclaims are based on the facts learned recently from Sean Withers—namely, that Mr. Withers was the original inventor of the combination hitch mount and disclosed that invention to the Horizon inventors who improperly tried to pass Mr. Withers's invention off as their own.

## III.    DISCUSSION

Fed. Civ. P. Rule 15(a)(2) requires that "[c]ourts should freely give leave [to amend] when justice so requires." *ShieldMark, Inc. v. Creative Safety Supply, LLC.,* 2012 WL 6824003 *2 (N.D. Ohio 2012) (allowing a motion to leave to file counterclaim of inequitable conduct).  Indeed, while the discretion to allow leave to amend is given to the trial court, "the thrust of Rule 15 is … that cases should be tried on the merits rather than technicalities of pleadings." *Id.* (citations omitted).

The limited factors that might indicate denial of a motion for leave to amend include: "bad faith, undue delay, dilatory motives, undue prejudice to the opposing party, repeated failure to cure deficiencies in prior amendments, and futility."  *Nichols v. Vill. of*

7

5296850.1

*Minerva, Ohio*, No. 5:14-CV-613, 2015 WL 845714, at *2 (N.D. Ohio Feb. 25, 2015).

None of those exists here.

> **A.  There is no undue delay or bad faith in NSI bringing its motion to amend its Answer to add a counterclaim and defense of inequitable conduct and failure to name the proper inventors based on the false Inventor Declarations of the Horizon inventors.**

Here, good cause exists for NSI to amend its Answer to include claims related to Horizon's false Inventor Declarations because discovery is still open, no depositions have been taken, and no dispositive motions have been filed.  *See Birchwood v. Battenfeld Technologies, Inc.,* 762 F.Supp.2d 1152, 1156 (D. Minn. 2011) (good cause exists for amending to include counterclaim for inequitable conduct "where, as here, discovery is still open and no dispositive motions have been filed.").  Moreover, NSI did not obtain the declaration from the inventor of the Ford patent, Mr. Withers, in which he claims he is the original inventor of the subject matter claimed in the Horizon patents until August 27, 2021.

Further, before the Court is NSI's motion to stay these proceedings pending the completion of an on-going *inter partes* review of the Horizon '050 patent.  *See* ECF 52.

The amendment of NSI's Answer is timely, filed in good faith, and will not delay these proceedings.

> **B.  There is no prejudice to Horizon in allowing NSI to amend its Answer to include counterclaims for inequitable conduct and improper inventorship because the fact patterns are basically the same as NSI's pending invalidity defense based on the Ford Patent.**

The facts surrounding NSI's claim for inequitable conduct and improper inventorship both arise from the same circumstances as that concerning NSI's claim that

8

the patents are invalid over the Ford Patent.  And, in fact, all of these claims are

supported by the Withers Declaration.  Thus, allowing NSI to amend its answer will not

prejudice Horizon.  *See, Birchwood,* 762 F.Supp.2d 1156 ("Any claim of prejudice based

on the need for additional discovery is greatly diminished where the claim to be added

overlaps with some of the claims already pled.")

    NSI's operative Answer alleges that Horizon's '050 and 585 patents are invalid

over the Ford Patent invented by Mr. Withers:

> 7.    Specifically, one or more claims of the '050 patent is invalid as being anticipated by U.S. Patent No. 7,793,968 to Ford Global Technologies, LLC ("Ford Patent").  The Ford Patent discloses all of the claimed elements of the claims of the '050 patent.

ECF 25, p. 6.  *See also id.* at p. 7 (Horizon's '585 patent is asserted to be invalid over Mr.

Withers's patent).

    Whether the Ford Patent is prior art invalidating the Horizon patents depends on

the dates that Mr. Withers conceived of his invention and the dates that Horizon

"conceived" of that very same invention if it did that independently of Mr. Withers.

Those are of course the same set of facts that will govern the resolution of the inequitable

conduct claim and the claim for improper inventorship.  Indeed, if, as Mr. Withers

testifies, he invented the combination hitch mount disclosed in the Horizon patents and

disclosed that invention to Horizon, then NSI will succeed on its invalidity claim, its

claim for inequitable conduct, and its improper inventorship claim—all based on the

same set of facts.

    Thus, granting NSI leave to amend its answer will not prejudice Horizon.

**C.     The inequitable conduct and improper inventorship claims are well supported by the Withers Declaration and are not futile.**

NSI's inequitable conduct and improper inventorship claims are not futile and thus leave to add them should be granted.  "A futility challenge to a motion to amend a complaint is successful where claims created by amendment would not withstand a motion to dismiss for failure to state a claim upon which relief could be granted." *Birchwood,* 762 F.Supp.2d at 1156.

To survive a motion to dismiss, this Court stated that "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'"  ECF 46. p. 4 (quoting, *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (in turn quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007)).  "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." *Birchwood,* 762 F.Supp.2d at 1156 (internal citations omitted).

A claim for inequitable conduct requires proof that "the patentee acted with the specific intent to deceive the PTO, and that the misrepresented or omitted information was material." *Theranos, Inc. v. Fuisz Pharma LLC*, 876 F. Supp. 2d 1123, 1136 (N.D. Cal. 2012) (citation omitted).

Thus, NSI must sufficiently plead, but not yet prove, in its Second Amended Answer that at least one of Horizon's inventors: 1) intended to deceive the Patent Office by filing their Invention Declarations claiming themselves to be the true inventors of the

10

combination hitch mount; and 2) that that conduct was material.  To do that NSI must satisfy the "who, what, when, where, and how" of the alleged misconduct.  *See Theranos, Inc. v. Fuisz Pharma, LLC*, 876 F.Supp.2d 1123, 1137 (N.D. Cal. 2012).

"A valid patent requires correct inventorship." *Dana-Farber Cancer Institute, Inc. v. Ono Pharmaceutical Co., Ltd*., 964 F.3d. 1365, 1370 (Fed. Cir. 2020).  Thus, to sufficiently plead incorrect inventorship, NSI need only plead that the inventors of the Horizon patents are improperly named.

> **1.  NSI has sufficiently pled that the Horizon inventors acted with the specific intent to deceive the Patent Office by claiming themselves to be the inventors of the combination hitch mount when in reality Mr. Withers of Ford invented it and disclosed it to them.**

"A person is not entitled to a patent if he did not himself invent the subject matter sought to be patented, or in other words, if he is not the true inventor." *Theranos, Inc. v. Fuisz Pharma, LLC*, 876 F.Supp.2d 1123, 1136 (N.D. Cal. 2012) (citation omitted).  Mr. Withers testifies unmistakably that he is the true inventor of the Horizon patents—not the named Horizon inventors—and that he disclosed the invention to Horizon:

> 17. I am the named inventor on two United States patents directed to this Combination Hitch: U.S. Patent Nos. 7,828,317 and 7,793,968.
>
> 18. I have learned that Eric Stanifer and his employer, Cequent (now Horizon Global), filed patent applications for this same technology, which resulted in the grant of two patents:  U.S. Patent Nos. 9,834,050 and 10,589,585 ("Horizon Patents").  The Horizon Patents disclose the Combination Hitch that I invented and that I and my colleagues at Ford shared with Cequent as part of the project discussed in this declaration.  For example, Figure 4 of the Horizon Patents discloses my invention, including castings connected to each end of a rail with mounting pads on each end and receiver tube in the middle of the system to which a goose-ball can connect.  In fact, I disclosed this exact same embodiment in my patent.

11

Withers Decl. at ¶¶ 17-18. Yet, Horizon's employees identified themselves as the original inventors in their Inventor Declarations.

Accepting the Wither's Declaration as true, as the Court must in judging the sufficiency of NSI's claim (Order dismissing prior counterclaim, ECF 46, p. 4), the inescapable and in fact only inference is that the Horizon inventors must have intended to deceive the Patent Office when they falsely claimed that they were the true inventors of the combination hitch mount.  Mr. Withers testified that he disclosed the invention to Horizon and Mr. Stanifer.  Withers Decl. at ¶¶ 17-18.  Mr. Withers testified that the Horizon patents claim and disclose his invention. *Id*.  He further testified that Horizon did not dispute that Mr. Withers was the inventor of the combination hitch mount and that Horizon never claimed to have invented it.  Withers Declaration, ¶ 20. The "who" in NSI's inequitable conduct claim is the named Horizon inventors, Eric Stanifer and Richard McCoy.  The "what" and the "when" is the signing of the knowingly false Inventor Declarations.  The "where" is the filing of the false declarations with the Patent Office.  And the "how" is through Horizon's patent counsel, McDonald Hopkins LLC.

NSI pleads each of these facts in paragraphs 65-70 of its Second Amended Answer, which incorporates the Withers Declaration.  Thus, NSI's answer more than adequately pleads the intent to deceive the Patent Office element of its inequitable conduct claim.

And, taking the allegations of the Second Amended Answer as true, NSI has also sufficiently pled incorrect inventorship in paragraphs of the Second Amended Answer.

5296850.1

**2.** **The named Horizon inventors committed material misconduct in signing the false Inventor Declarations.**

"Misconduct will be deemed material if a patentee 'engage[s] in affirmative acts of egregious conduct, such as the filing of an unmistakably false affidavit.'"  *Theranos, Inc. v. Fuisz Pharma, LLC*, 876 F.Supp.2d 1123, 1136 (N.D. Cal. 2012) (citation omitted); *see also, Takeda Pharmaceuticals Co., Ltd. V. Twi Pharmaceuticals, Inc.,* 87 F.Supp.3d 1263, 1286 (N.D. Ca. 2015) (finding that fact finder could conclude that an inventor who knew he was not first inventor, but signed a declaration that he was the true inventor, had committed inequitable conduct); and *Intellect Wireless, Inc. v. HTC Corp.,* 732 F.3d 1339, 1342-5 (Fed. Cir. 2013) (holding that the submission of a knowingly false declaration is material and "raises a strong inference of intent to deceive.").

The Horizon inventors each signed a declaration stating that they are the true and original inventors of the combination hitch mount:

> I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.

Exhibit B.  Those declarations are false.  Without those declarations, the Patent Office would not have accepted the patent application and thus it is without question material. *See Theranos, Inc.*, 876 F.Supp.2d at 1136.

NSI's Second Amended Answer more than sufficiently pleads the intent element of the cause of action for inequitable conduct.

5296850.1

D.     **The present claims of inequitable conduct and improper inventorship are different from the claim of inequitable conduct previously dismissed by the Court.**

The present claim of inequitable conduct is based on the Horizon inventors' false Inventor Declarations claiming that they are the original inventors of the Horizon patents when in fact they learned of the invention from the true inventor, Mr. Withers. Previously, NSI had asserted a claim of inequitable conduct based on a different set of facts and circumstances.

In NSI's Amended Answer (ECF 25), NSI asserted that one of the named inventors of the Horizon patents, Eric Stanifer, made a material misrepresentation in claiming that a supposed conception drawing demonstrated that he had conceived all elements of the invention before the filing date of the Ford patent. *See* ECF 46, p. 2 (This Court noting that "According to NSI, these conception drawings do not show 'receiving members' on the underbed hitch mounting system even though the receiving members are claimed as a necessary element of the '050 Patent.").

The current claims for inequitable conduct and improper inventorship arise from a different declaration and turn on recently acquired information from a former Ford employee that NSI had not yet discovered when it filed the former inequitable conduct claim. Thus, the Court's dismissal of the previous claim in ECF 46 does not bear on NSI's current claims for inequitable conduct or false inventorship.

IV.     **CONCLUSION**

Taking the Declaration of Sean Withers as true, as the Court must do at this stage, NSI has provided a compelling case for inequitable conduct and false inventorship.  Mr.

5296850.1

Withers, having no interest in this case, testified: 1) that he invented the combination hitch mount claimed in Horizon's '050 and '585 patents; and 2) that he provided that invention to Horizon.  Horizon then falsely passed Mr. Withers's invention off as its own to obtain the Horizon patents-in-suit.  Horizon then sued NSI on these knowingly invalid patents.  That is a forceful case for inequitable conduct.  Moreover, it the exact type of unconscionable conduct justifying an award to NSI of its legal fees.  *See*, *e.g., Intellect Wireless, Inc. v. Sharp Corporation*, 45 F.Supp.3d 839, 853-54 (2014) (awarding attorney fees based on filing of a materially false declaration by the inventor).

NSI submits that justice and Fed. R. Civ. P. 15 require that it be permitted to file its attached Second Amended Answer to add claims for inequitable conduct and improper inventorship.

Dated: September 24, 2021          Respectfully submitted,

                                   /*s*/ Jay R. Campbell

                                   Jay R. Campbell (0041293)
                                   David A. Bernstein (0093955)
                                   950 Main Avenue
                                   Suite 1100
                                   Cleveland, OH 44113
                                   Telephone:      216.592.5000
                                   Facsimile:      216.592.5009
                                   E-mail:   jay.campbell@tuckerellis.com
                                   david.bernstein@tuckerellis.com
                                   *Attorneys for Defendant Northern Stamping, Inc.*

15

5296850.1

## Certificate of Service

I hereby certify that on September 24, 2021, I served this brief on the following counsel for plaintiff through the Court's ECF system.

/s/ David A. Bernstein
David A. Bernstein

*Counsel for Defendant*

16

5296850.1