# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Horizon Global Americas Inc., | ) | Case No. 1:20-cv-00310-PAB |
| Plaintiff, | ) ) ) | Judge Pamela A. Barker |
| v. | ) ) | |
| Northern Stamping, Inc., | ) ) | |
| Defendant. | ) | |

**Horizon's Memorandum in Support of its
<u>Motion for Leave to Amend its Initial Infringement Contentions</u>**

## I. <u>Introduction</u>

Horizon moves this Court for leave to amend its initial infringement contentions to assert claims 1, 2, and 4 of U.S. Patent No. 10,589,585 (the "'585 patent") against Northern Stamping, Inc.'s ("NSI's") T1XX product and to add photos of the actual accused NSI products from Horizon's November 3, 2021 inspection at counsel for NSI's Chicago law office. (*See* Proposed Amended Infringement Contentions, Ex. A.) The Court should grant that motion because, as shown below, there is good cause based on newly obtained evidence, and NSI will not be unfairly prejudiced.

## II. <u>Background</u>

On June 9, 2020, Horizon served NSI with its complaint asserting that NSI infringes U.S. Patent No. 9,834,050 (the "'050 patent"). (ECF #8.)

On July 30, 2020, Horizon served its first set of requests for production. (Ex. B.) In those requests, Horizon sought "at least one original exemplar of each version of each product responsive to Plaintiff's Interrogatory No. 2." (*Id*. at RFP #46.)

{9956903: }

On August 14, 2020, Horizon served NSI with its initial infringement contentions. (Initial infringement contentions, Ex. C.) In those contentions Horizon noted that it discovery is not complete and expressly reserved the right to (1) seek additional discovery on the issue of infringement; and (2) amend and supplement its contentions "if it discovers additional relevant material bearing on these issues." (*Id.* at 1.) Because Horizon did not yet have NSI's responses identifying the products that met its definition of an "Accused Product," Horizon's responses provided a computer generated version of the product that it had obtained during pre-suit investigation. (*See* Claim Chart, *id.* at 3.)

On August 20, 2020, Horizon filed an amended complaint asserting that NSI also infringes the '585 patent. (ECF #16.)

On September 25, 2020, Horizon served amended initial infringement contentions and identified claims 16-20 of the '585 patent as infringed by NSI's "underbed hitch mounting system."[1] (Amended initial infringement contentions, Ex. D.) Those amended contentions re-asserted that discovery is not complete and, again, Horizon expressly reserved the right to (1) seek additional discovery on the issue of infringement; and (2) amend and supplement its contentions "if it discovers addition relevant material bearing on these issues." (*Id.* at 1.) Because Horizon still did not have NSI's responses identifying the products that met its definition of an "Accused Product," Horizon's responses again provided a computer generated version of the product that it had obtained during pre-suit investigation. (*See* Claim Chart, *id.* at 3.)

---

[1] Horizon referred to NSI's accused products generally as "NSI's underbed hitch mounting system" because, at that time, NSI was refusing to disclose the names of its different accused products and would not say how many varieties existed.

On November 23, 2020, after the parties resolved a discovery dispute, NSI served responses identifying two products, the K2XX product, which NSI began manufacturing in 2017, and the T1XX product, which NSI began manufacturing in 2019. (NSI's amended responses to Horizon's interrogatories, Ex. E.) NSI did not, however, provide Horizon with exemplars as requested.

On July 9, 2021, Horizon again requested to inspect the products, this time identifying the K2XX and T1XX products by name. (Ex. F.)

After months of prodding by Horizon, NSI finally allowed inspection of the K2XX and T1XX products on November 3, 2021. That inspection revealed that the T1XX product infringes claims 1, 2, and 4 of the '585 patent. (*See*, proposed second amended initial infringement contentions, Ex. A, claims 1, 2, and 4.)

As a result of this newly obtained evidence, Horizon now moves to amend.

II. **Argument**

Local Patent Rule 3.10(a) allows a party to amend its initial infringement contentions without leave of court, unless it seeks to add new claims after the exchange of terms for claim construction. L.P.R. 3.10(a). In such cases, a party may only do so with leave of Court for "good cause shown." L.P.R. 3.10(a). Because the parties have exchanged terms for claim construction, Horizon must show good cause to obtain leave to amend.

Newly-obtained discovery is good cause for amending contentions. *See ClearPlay, Inc. v. DISH Network LLC*, No. 2:14-CV-00191-DN-BCW, 2019 WL 1318348, at *2-3 (D. Utah Mar. 22, 2019) (granting motion to amend where basis for amendment was newly produced information); *Seiko Epson Corp. v. Coretronic Corp.*, No. C 06-06946 MHP, 2008 WL

2563383, at *4 (N.D. Cal. June 23, 2008) (granting leave to amend and rejecting undue prejudice argument where movant would not have known the bases for contention).

As stated above, the November 3, 2021 inspection informed Horizon that NSI's T1XX product infringes at least claims 1, 2, and 4 of the '585 patent. Specifically, Horizon's inspection of NSI's T1XX product revealed that it has solid members that are fixedly attached to tubular members as required by claim 1 of the '585 patent, a central member that is permanently attached to the tubular members as one piece as required by claim 2 of the '585 patent, and second set of tubular members as required by claim 4. (*See* excerpts from proposed infringement contentions, Ex. A., at 3-4, *supra*.) Horizon now moves to amend only one week and five days after its inspection supporting the basis of the amendment. As a result, Horizon acts diligently to amend.

NSI will not be unfairly prejudiced by this amendment because, as it contends in its motion for a stay, "the case is in its early stages with 'the most burdensome stages of the case—completing discovery, preparing expert reports, filing and responding to pretrial motion, [etc.]'" are yet to come. (ECF #52 at 1; *see also* ECF #59 at 8 (arguing that good cause exists to allow amendment because "discovery is still open [and] no depositions have taken place").)

Moreover, the Court has not set a claim construction hearing or dates for the close of fact discovery, expert discovery, dispositive motions, or trial. *See Mass Engineered Design, Inc. v. Ergotron, Inc.*, No. 206 CV 272, 2008 WL 1930299, at *3 (E.D. Tex. Apr. 30, 2008) (granting leave to amend infringement contentions even after claim construction ruling issued because discovery cutoff and trial were months away). Because NSI will have

{9956903: }  4

ample opportunities to mount a defense, and has plenty of time to seek fact and expert discovery on this infringement theories, it will not be prejudiced. *ClearPlay,* 2019 WL 1318348 at *3 (no prejudice where claim construction briefs filed but defendant would not be prevented "from pursuing a promising line of defense").

Finally, in its two prior initial infringement contentions, Horizon put NSI on notice that it was seeking additional discovery and reserved the right to amend its contentions based on that discovery. As a result, NSI cannot claim prejudice based on surprise.

Because Horizon has good cause to amend its infringement contentions, the Court should grant Horizon's motion to amend.

### III. Conclusion

For these reasons, the Court should grant this motion.

Respectfully submitted,

Dated: November 15, 2021

   s/ *David B. Cupar*
David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
Andrew D. Gordon-Seifert (OH 0092499)
MCDONALD HOPKINS LLC
600 Superior Ave., East, Suite 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5414
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com
agordon-seifert@mcdonaldhopkins.com

*Counsel for*
*Horizon Global Americas Inc.*