IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Horizon Global Americas Inc., | ) |
| | ) |
| Plaintiff, | ) CASE NO.: 1:20-CV-00310-PAB |
| | ) |
| | ) JUDGE PAMELA A. BARKER |
| vs. | ) |
| | ) |
| Northern Stamping, Inc., | ) **HORIZON GLOBAL AMERICAS INC.'S** |
| | ) **MOTION TO DISMISS DEFENDANT'S** |
| Defendant. | ) **COUNTERCLAIMS FOR LACK OF** |
| | ) **SUBJECT MATTER JURISDICTION** |
| | ) |

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, Plaintiff Horizon Global Americas Inc. ("Horizon") moves this Court to dismiss of Defendant/Counterclaimant Northern Stamping, Inc.'s ("NSI") counterclaims, respectively seeking declaratory judgments of invalidity (Dkt 88, NSI's first and second counterclaims), non-infringement (*id.*, NSI's third and fourth counterclaims), and unenforceability (*id.*, NSI's fifth, sixth, seventh, and eighth counterclaims) of United States Patent Nos 9,834,050 ("050 Patent") and 10,589,585 ("585 Patent") (collectively the "Asserted Patents") for lack of subject matter jurisdiction.

On February 20, 2025, this Court granted Horizon's motion to dismiss all its claims with prejudice.  (Dkt 95.)  Concurrent with Horizon's motion to dismiss (Dkt 94), Horizon granted NSI an express covenant not to sue (Dkt 94-1) on any claims contained within the Asserted Patents.

This voluntary dismissal with prejudice combined with the covenant not to sue eliminates subject matter jurisdiction over NSI's counterclaims seeking declaratory judgments of invalidity, non-infringement, and/or unenforceability of the Asserted Patents.

As such, NSI's counterclaims must be dismissed as there is no longer any "actual controversy" under the Declaratory Judgment Act, and so Horizon requests dismissal of all NSI's counterclaims and defenses (Dkt 88).

Submitted herewith is a supporting brief of points and authorities.

Dated: February 28, 2025                    Respectfully submitted,


                                            */Brendan E. Clark/*
                                            Christina J. Moser (0074817)
                                            Email:   cmoser@bakerlaw.com
                                            Brendan E. Clark (085634)
                                            Email:   bclark@bakerlaw.com
                                            Brian A. Troyer (059671)
                                            Email:   btroyer@bakerlaw.com

                                            BAKER & HOSTETLER LLP
                                            Key Tower
                                            127 Public Square, Suite 2000
                                            Cleveland, OH  44114-1214
                                            Telephone:   216.621.0200
                                            Facsimile:    216.696.0740

                                            Attorneys for Plaintiff
                                            Horizon Global Americas Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on this 28th day of February 2025 via the

Court's electronic filing system on all parties registered to receive service therefrom.

By:    <u>*/Brendan E. Clark/*</u>
        Brendan E. Clark

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| Horizon Global Americas Inc., | ) | |
| | ) | CASE NO.: 1:20-CV-00310-PAB |
| Plaintiff, | ) | |
| | ) | JUDGE PAMELA A. BARKER |
| vs. | ) | |
| | ) | |
| Northern Stamping, Inc., | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **HORIZON GLOBAL AMERICAS INC.'S** |
| Defendant. | ) | **MOTION TO DISMISS DEFENDANT'S** |
| | ) | **COUNTERCLAIMS FOR LACK OF** |
| | | **SUBJECT MATTER JURISDICTION** |

Defendant Northern Stamping Inc.'s ("NSI") counterclaims seeking determinations of invalidity, non-infringement, and unenforceability as to United States Patent Nos 9,834,050 ("050 Patent") and 10,589,585 ("585 Patent") (collectively the "Asserted Patents") must all be dismissed for lack of subject matter jurisdiction under the Declaratory Judgment Act.

Plaintiff Horizon Global Americas Inc. ("Horizon") still had valid bases to prosecute this litigation prior to dismissing its claims.  Horizon continues to believe that NSI infringed Horizon's presumed valid Asserted Patents; NSI never advanced credible grounds to deny its use of the Asserted Patents.  Horizon also respectfully disagrees with the conclusions of the Court of Appeals for the Federal Circuit and U.S. Patent and Trademark Office ("USPTO") in finding the claims of the 585 Patent invalid based only on materials that the USPTO already considered before granting the 585 Patent.  Regardless, the 050 Patent remains valid and would be subject to a significantly higher burden to demonstrate invalidity than was applied at the USPTO.[1]

---

[1]      In an *inter partes* review, the USPTO requires that a petitioner demonstrate unpatentability by a preponderance of the evidence (35 U.S.C. § 316(e)), whereas a party asserting invalidity in a district court proceeding must prove unpatentability by clear and convincing evidence (*see, e.g.*, *Microsoft Corp. v. i4i Limited Partnership*, 564 U.S. 91 (2010)).

Despite its good faith belief in the merits of its suit, Horizon now seeks to bring this long-running litigation to an efficient conclusion.  On February 20, 2025, this Court granted Horizon's motion to dismiss all its claims with prejudice.  (Dkt 95.)  Concurrent with Horizon's motion to dismiss (Dkt 94), Horizon granted NSI an express covenant not to sue (Dkt 94-1) on any claims contained within the Asserted Patents.

Based on Horizon's voluntary dismissal with prejudice and express covenant not to sue, this Court no longer has subject matter jurisdiction over NSI's counterclaims for declaratory judgments of invalidity (Dkt 88, NSI's first and second counterclaims), non-infringement (*id*., NSI's third and fourth counterclaims), and unenforceability (*id*., NSI's fifth, sixth, seventh, and eighth counterclaims) of the Asserted Patents because there is no longer any past, current, or prospective case or controversy.

Because there is no longer subject matter jurisdiction for NSI's counterclaims, Rule 12(h)(3) of the Federal Rules of Civil Procedure mandates their dismissal.

## I.    BACKGROUND

In 2017, prior counsel for Horizon sent a letter advising NSI that it was making and selling products infringing Horizon's 050 Patent.  (Dkt 4-2.)  Horizon sought to resolve the issue without litigation, but NSI continued to sell the infringing products and refused Horizon's offer to avoid litigation.  (Dkt 1, ¶¶ 20–24.)  NSI gave Horizon no choice but to bring this lawsuit or walk away from its valuable patent rights.  Horizon then brought this suit in 2020.  The USPTO granted the 585 Patent shortly thereafter, and Horizon amended its complaint to assert this second patent infringed by NSI.  (Dkt 16.)

As this Court knows, NSI successfully challenged the 585 Patent, but not the 050 Patent, at the USPTO in an *inter partes* review proceeding.  (Dkt 91.)  Horizon nonetheless could have

continued litigating this matter and is confident in its contentions that NSI practices the claims of the 050 Patent.  The 050 Patent is presumed valid (35 U.S.C. § 282) and to overcome that presumption NSI would have to convince a jury that the 050 Patent is invalid according to a much higher burden of proof than is applied at the USPTO (*see supra* n.1).  Needless to say Horizon is disappointed by the outcome of the *inter parties* review, but, as noted in its most recent status report (Dkt 93), rather than consuming significant time and fees, as well as burdening this Court's resources, Horizon would prefer to bring an efficient conclusion to this nearly five-year-old suit.

To that end, Horizon moved to dismiss its claims with prejudice and executed a covenant not to sue, filed with this Court.  (Dkt 94.)  Beyond service of that filing on February 19, 2025, Horizon's counsel furnished a covenant not to sue to NSI's counsel on February 27, 2025.

## II.    DISMISSAL WITH PREJUDICE AND A COVENANT NOT TO SUE PRECLUDING FUTURE CLAIMS REQUIRE DISMISSAL OF COUNTERCLAIMS

"If a court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  Claims for declaratory judgment require the existence of an "actual controversy" between the parties. 28 U.S.C. § 2201 ("In a case of *actual controversy* within its jurisdiction[,] any court of the United States may declare the rights and other legal relations of any interested party seeking such declaration") (cleaned up) (emphasis added).  To satisfy the "actual controversy" requirement of the Declaratory Judgment Act, the Supreme Court has stated that the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citations and internal quotations omitted). The question is whether "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*.

The party seeking declaratory relief has the burden of establishing the existence of subject matter jurisdiction, both at the time the claim for declaratory relief was filed and its continued existence since. *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007). A covenant not to sue can eliminate subject matter jurisdiction over a defendant's claims for declaratory judgment, including claims in patent cases for declarations of non-infringement, invalidity/ineligibility, and/or unenforceability. *See id.* at 1347-49 (upholding the dismissal of counterclaims of invalidity and unenforceability for lack of subject matter jurisdiction following the voluntary dismissal by plaintiff of its infringement claim and the issuance of a covenant not to sue); *see also*, *Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013) (dismissal coupled with a covenant preventing the plaintiff from making any claim or demand related to asserted intellectual property moots counterclaims); *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010) (covenant not to sue counterclaimant for infringement of plaintiff's patent "extinguished any current or future case or controversy between the parties, and divested the district court of subject matter jurisdiction" to adjudicate counterclaims for declaratory judgment of invalidity); *Bendix Commercial Vehicle, Sys. LLC v. Haldex Brake Prods. Corp.*, No. 1:09-cv-176, 2010 WL 3221972, at *1, *5 (N.D. Ohio Aug. 13, 2010) (granting dismissal of counterclaims for declaratory judgment of non-infringement, invalidity, and unenforceability following issuance of covenant not to sue on the relevant patent).

## III.  SUBJECT MATTER JURISDICTION OVER NSI'S COUNTERCLAIMS HAS BEEN CONCLUSIVELY EXTINGUISHED

Horizon's covenant not to sue (Dkt 94-1) unconditionally covenants not to sue NSI or its customers for any past, current, or future infringement of the Asserted Patents based on the manufacture, sale, use, or other potentially infringing actions NSI may take with products practicing the claims of the Asserted Patents.  Horizon's covenant is at least as broad and

comprehensive as the covenants the courts in *Benitec*, *Already*, *Dow Jones*, and *Bendix* found sufficient to extinguish subject matter jurisdiction over claims seeking declaratory judgment of non-infringement, invalidity, and/or unenforceability. *See Benitec*, 495 F.3d at 1343, 1349 (when a patentee "covenants and promises not to sue [defendant] for patent infringement arising from activities and/or products occurring on or before the date dismissal was entered in this action" a defendant's counterclaims are moot); *Dow Jones*, 606 F.3d at 1345, 1348-49 (finding a covenant not to sue that was limited to "currently existing products or use of methods" and that expressly excluded certain affiliates of the grantee to be sufficient to divest the district court of subject matter jurisdiction over claims for declaratory judgment of invalidity); *Bendix*, 2010 WL 3221972, at *3-4 (rejecting arguments that covenant not to sue that did not extend to defendant's affiliates, suppliers, customers and other entities and was limited to just the accused products as currently produced and not to any new or modified future products was insufficient to moot counterclaims); *see also* **Ex. A** (the covenant not to sue as filed and at issue in *Bendix*).

Because of Horizon's voluntary dismissal with prejudice and grant of the covenant not to sue NSI in connection with the Asserted Patents, NSI's counterclaims no longer meet the "actual controversy" requirement.  It follows that there is no subject matter jurisdiction over NSI's counterclaims.  In the absence of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3) requires the Court to dismiss the action.  *See Benitec*, 495 F.3d at 1349; *Bendix*, 2010 WL 3221972, at *4.

## IV.    CONCLUSION

There is no longer subject matter jurisdiction, and a court must dismiss an action any time subject matter jurisdiction is absent, so Horizon respectfully requests this Court dismiss all eight of NSI's counterclaims, as well as NSI's defenses, to bring this long-running case to a conclusion that does not exhaust more of the Court's and parties' time and resources.

Dated: February 28, 2025

Respectfully submitted,

*/Brendan E. Clark/*
Christina J. Moser (0074817)
Email:   cmoser@bakerlaw.com
Brendan E. Clark (085634)
Email:   bclark@bakerlaw.com
Brian A. Troyer (059671)
Email:    btroyer@bakerlaw.com

BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH  44114-1214
Telephone:   216.621.0200
Facsimile:    216.696.0740

Attorneys for Plaintiff
Horizon Global Americas Inc.