IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HORIZON GLOBAL AMERICAS, INC. | ) | CASE NO. 1:20-cv-00310-PAB |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| vs. | ) | |
| | ) | |
| NORTHERN STAMPING, INC. | ) | **REPLY BRIEF OF DAVID B. CUPAR IN** |
| | ) | **SUPPORT OF MOTION TO QUASH** |
| Defendant. | ) | **SUBPOENA** |
| | ) | |

## INTRODUCTION

Northern Stamping, Inc. ("NSI") had an opportunity to prove how it cannot meet its burden in a fees motion without unprivileged information held solely by David B. Cupar, Esq. ("Cupar") as required under *Shelton*. The *Shelton* test functions as a scalpel—narrow and carefully crafted to carve out only the rarest and most necessary circumstances under which opposing counsel may be deposed to prevent abusive litigation tactics and protect the sanctity of attorney-client communications and work-product protections. NSI fails to meet this surgical test.

Indeed, NSI "wholeheartedly agrees" that it possesses all the "information" needed to support its motion for attorney's fees (Opp. at pg. 9). This negates its argument that a deposition of Cupar is "crucial" and the "only means" to obtain that information, as required by *Shelton*. Likewise, NSI's argument that it seeks Cupar's deposition to understand his and McDonald Hopkins' pre-suit investigation is the most classic example of attorney-work product that exists, and forecloses meeting the second *Shelton* prong: that the information is *not* privileged. Because

35903860.1

NSI cannot meet the three *Shelton* prongs, the Court should grant Cupar's motion and quash the subpoena ("Subpoena") served upon him by counsel for NSI.[1]

**I. NSI Fails to Satisfy the *Shelton* Standard**

Controlling law requires NSI to prove all three of the *Shelton* prongs, but its opposition fails to demonstrate any of them, to wit: (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case.

**A. NSI's opposition confirms that it does not need Cupar's deposition to support its fees motion, thus failing the first *Shelton* factor.**

In the first six pages of the opposition, NSI makes lengthy attorney arguments that it has more than sufficient "information" to prove misrepresentation in support of a fees motion. Opp. at 1-6. Critically, NSI does *not* argue that it is missing information needed to establish its case and that information only comes from Cupar. Opp. at 9 ("NSI wholeheartedly agrees with Mr. Cupar" that NSI believes it has sufficient evidence from the "existing record".[2]) NSI's own argument establishes that it cannot meet this first *Shelton* prong because: (1) NSI admits it has the information it needs for its motion; and (2) the information it seeks from Cupar in deposition is thus unnecessary for its fees motion. *Shelton* requires the opposite – a party in NSI's position needs

---

[1] NSI claims the Court has already allowed Cupar to be deposed. The record does not include any such order. Cupar and Horizon have every legal right to have their day in Court under the Federal Rules of Civil Procedure and controlling precedent to object and move to quash NSI's legally improper Subpoena. It is then NSI's burden under *Shelton* to meet all three of its requirements. Because NSI cannot do so, the Subpoena should be quashed.

[2] NSI's contention that Cupar admits an "ample record" of litigation misconduct exists exposes NSI's tactic of distorting language to mislead. There is a clear distinction between acknowledging an "ample record" exists and agreeing with the conclusions NSI draws from it. Cupar asserts there's an ample record for NSI to argue its position—not that it proves fraud or misconduct. NSI's contortion of this point mirrors the same manipulative wordplay it employs with its "receiving member" arguments, which it says are fee-worthy frauds. The Court should reject both contrivances.

2

to show that it requires information necessary to meet an evidentiary burden, but it cannot obtain that information anywhere other than opposing counsel. *See Shelton*, 805 F. 2d at 1327.

NSI incorrectly conflates its attorney *argument* (which doesn't establish any prong of the *Shelton* test) with factual *information* required in the *Shelton* test. The *Shelton* test applies to information in the evidentiary sense needed to establish or prove a claim in a suit, not attorney argument or speculative allegations. Courts have consistently rejected attorney depositions when the information sought is available through prior documents and court filings. *See Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002) (adopting *Shelton* and requiring exhaustion of all alternative sources before deposing opposing counsel).

Because NSI's own arguments admit that it needs no further information in order to file its fees motion, NSI fails the first *Shelton* prong. This alone warrants quashing the Subpoena.

**B. NSI seeking Cupar's pre-filing attorney work product is exactly the testimony the second *Shelton* prong precludes from discovery.**

NSI represented that the basis for the Cupar deposition was to understand his "pre-suit" investigation. Mot. at 2 (*citing* Ex. F, Campbell's email.) The Motion to Quash identified controlling law showing that an attorney's pre-suit investigation material is classic work product and attorney-client privileged communications that *Shelton* prohibits from discovery. *Id.* at 3-5. NSI continues to make this argument, stating that it is entitled to know "what Mr. Cupar did and who he spoke with in investigating" this matter, whether it was pre-suit or during the suit. Opp. at 8-9. NSI's own premise demonstrates why it cannot satisfy the second *Shelton* prong, and why the deposition is improper.

Courts have universally recognized that an attorney's pre-suit investigation, litigation strategy, and thought processes are core attorney work-product, protected from discovery

3

under *Hickman v. Taylor*, 329 U.S. 495 (1947). The *Shelton* test expressly prohibits depositions aimed at probing privileged legal strategies and work-product.

Conclusively, NSI fails to address the central basis for quashing the subpoena: attorney work-product immunity. Opp. at 8-9. The work-product doctrine bars NSI from questioning Cupar about, as NSI puts it, "presuit" matters related to his litigation investigation. Because the law unequivocally recognizes attorney pre-suit investigations as protected work product, NSI's failure to substantively engage with this issue in its opposition confirms that it has not met the second *Shelton* prong.

The only case NSI cites refutes its position. Opp. at 9 (citing *Hay & Forage Indus. v. Ford New Holland, Inc.,* 132 F.R.D. 687, 689-90 (D. Kan. 1990). In *Hay,* the court allowed the deposition of attorney Timmons solely because of Timmons' personal involvement "relating to the development of the Hesston big square baler" years prior to any pre-suit or during-litigation investigation. *Id.* The topics in Timmons' deposition had _nothing_ to do with what NSI seeks - Timmons was _not_ acting as litigation counsel at the time of the relevant events, whereas Cupar's involvement was strictly as litigation counsel engaged in pre-suit investigation and litigation strategy, making his testimony protected by the work-product doctrine and privilege.  Further, *Hay* did _not_ apply the three *Shelton* factors*,* which is controlling precedent on this Court. The fact that NSI could not cite to a single case where a Court applied *Shelton* to allow litigation counsel to be deposed on this litigation activities pre- and during suit is dispositive.  Therefore, the Court should grant the motion to quash on this additional, independent basis.

### C. Because NSI agrees that it has the information it needs to file a fees motion, any further information from Cupar is not necessary.

NSI does not explain why its motion for fees cannot be decided based on the documentary record already before the Court, namely the court and PTAB filings and Stanifer deposition

4

testimony that NSI claims are evidence of fee-worthy fraud. The *Shelton* test demands a showing that the attorney's testimony is indispensable to case preparation. Courts have consistently quashed subpoenas directed at opposing counsel when the party seeking the deposition could rely on documents, third-party testimony, or other sources of evidence. *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999) *(citing Shelton:* "courts have disfavored the practice of taking the deposition of a party's attorney"). Given that NSI has already asserted it has sufficient evidence to make its motion, we don't need to wrestle with the hypothetical question of whether NSI "could" make its arguments without the deposition. It's already shown that it can.

Therefore, NSI's arguments fail to satisfy *Shelton*'s strict requirements, and the Subpoena should be quashed.

## II. *Accordant Energy* supports granting Cupar's motion

NSI approvingly cites to the *Accordant Energy* case. Contrary to NSI's argument, *Accordant Energy* did not allow depositions of opposing counsel or further discovery once all of the claims and counterclaims had been dismissed; it only permitted a motion for fees. NSI's reliance on this case is completely misplaced. Because NSI believes this Court should follow *Accordant Energy*, then it must also accept that no discovery—including Cupar's deposition—should be permitted.

## **CONCLUSION**

NSI's opposition is built on a foundation of inaccurate wordsmithing, incorrect legal arguments, mischaracterized case law, and unsupported factual assertions. NSI has not come close to meeting its legal burden under *Shelton* because it explains in detail why it believes (in its view) there is fee-worthy activity based upon citations to the record evidence. In short, NSI does not

35903860.1

need Cupar's deposition to make its motion, let alone the indispensable need required by *Shelton*.

Cupar respectfully requests that the Court grant the Motion to Quash the Subpoena.

    Respectfully submitted,

    /s/ Tyler L. Mathews
    Tyler L. Mathews (0063759)
    McDonald Hopkins LLC
    600 Superior Avenue – Suite 2100
    Cleveland, Ohio 44114
    Phone: (216) 348-5400
    Fax: (216) 348-5474
    tmathews@mcdonaldhopkins.com

    Attorney for David B. Cupar

35903860.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this  21st  day of March 2025, a copy of the foregoing *Reply Brief of David B. Cupar in Support of Motion to Quash Subpoena* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and the parties may access this filing through the Court's system.

/s/ Tyler L. Mathews
Tyler L. Mathews (0063759)

Attorney for David B. Cupar

35903860.1