**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

|  |  |
|---|---|
| HORIZON GLOBAL AMERICAS INC., | ) |
| | ) |
| Plaintiff, | ) CASE NO.: 1:20-CV-00310-PAB |
| | ) |
| | ) JUDGE PAMELA A. BARKER |
| v. | ) |
| | ) |
| NORTHERN STAMPING, INC., | ) **HORIZON GLOBAL AMERICAS INC.'S** |
| | ) **MOTION FOR PROTECTIVE ORDER** |
| Defendant. | ) **AGAINST NSI'S** |
| | ) **SUBPOENA TO ERIC STANIFER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, plaintiff Horizon Global Americas Inc. ("Horizon") moves for a protective order to prohibit the deposition of non-party Eric Stanifer ("Stanifer"), the inventor NSI already deposed on the same issues during the *inter partes* review ("IPR"), in response to the subpoena ("Subpoena") of defendant Northern Stamping, Inc. ("NSI") to depose Stanifer on April 15, 2025.

## I.     INTRODUCTION

As briefed in Horizon's Motion to Dismiss NSI's Counterclaims (Dkt 96) and Horizon's Motion to Quash Cupar Subpoena or for Protective Order (Dkt 100), NSI's counterclaims are now moot, extinguishing subject matter jurisdiction.  NSI has no independent "claim" or motion for recovery of fees pending.  It has only a line in the prayer for relief on its counterclaims, all of which are now moot.  NSI has (albeit obliquely) asserted that the Court retains jurisdiction to permit NSI to file a fee motion.  Even if that is true, it does not mean NSI's subpoenas are proper, particularly when it has not filed a motion, which would be a minimum condition precedent to requesting discovery.  Either way, another deposition of Mr. Stanifer would not be proper as it

would be unduly burdensome and cumulative and, thus, disproportionate to the needs of the litigation.

NSI's proposed deposition of Mr. Stanifer is duplicative because NSI has already deposed him on the subject matter of NSI's mooted counterclaims during the IPR. (*See* Dkt 76-4; Ex. A (Stanifer Dep. Tr.)). NSI's notice and Subpoena (Ex. B) say nothing about what information it intends to seek in Mr. Stanifer's contemplated deposition. But NSI claims it already has testimony from Mr. Stanifer proving that he defrauded the Patent Office, rendering this proposed deposition facially duplicative and abusive. NSI's position is, in short, that it has already proved fraud by Mr. Stanifer through his first deposition (it did not), but it wants to repeat his deposition to prove it again.[1] The Subpoena thus appears to have no purpose other than to rack up more attorney fees for NSI to claim are the responsibility of Horizon.

Discovery in connection with fee requests after all claims are resolved is strongly disfavored, and certainly more so when there is no procedural basis for retained jurisdiction. Because NSI chose not to depose Mr. Stanifer in this case when it had the opportunity to do so, because it has filed no motion or claim for fees before the Court, and because it has already deposed Mr. Stanifer on these issues and claims already to have its proof of fraud, Horizon respectfully submits the Court should issue a protective order preventing NSI from deposing Mr. Stanifer pursuant to its Subpoena.

## II.    FACTS

Mr. Stanifer and the late Richard McCoy are the inventors on the patents Horizon asserted in this lawsuit. As the surviving inventor, Mr. Stanifer was deposed by NSI in 2022 in connection with the IPR. His deposition focused at length on the inventorship and conception issues raised in

---

[1] Horizon of course does not agree that NSI has shown even a suggestion of fraud, or that Mr. Stanifer's deposition suggests what NSI alleges.

NSI's now moot counterclaims.  (*See*, *e.g.*, Dkt 84 at 5–11 (discussing Mr. Stanifer's testimony regarding inventorship and conception).)

As recently as last week, NSI continued to falsely claim that Mr. Stanifer has already admitted in his 2022 deposition that he lied to the Patent Office.  (*See* Dkt 99 at 4–5, "The Awful Facts" (NSI's words).)  NSI has given no hint of the topics about which it seeks to depose Mr. Stanifer again, or what the record stands to gain through another deposition of the same witness on the same topics, when NSI contends that it already "got its man."  Given that NSI claims it knew from the face of Mr. Stanifer's declaration that it was false *before this suit was even filed*, it also could have deposed him in this case before it was stayed for the IPR that NSI opted to file.  It chose not to do so.

## III.    RELEVANT LAW

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Rule 26 further provides that a court may issue a protective order to protect a party or person from whom discovery is sought from annoyance, embarrassment, oppression, and undue burden and expense. Fed. R.Civ. P. 26(c).  A party demonstrates good cause for a protective order by articulating "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought. *In re Ohio Execution Protocol Litig.,* 845 F.3d 231, 236 (6th Cir. 2016); *see also* 8A Charles Alan Wright, Arthur R. Miller et al., *Federal Practice & Procedure* § 2036 (3d ed. 2016) ("To justify restricting discovery, the harassment or oppression should be unreasonable . . . .").

Subpoenas issued under Rule 45 are still subject to Rule 26. Separate and apart from its duties under Rule 45, a party still has to certify, pursuant to Rule 26(g), that its subpoenas are consistent with the rules, not interposed for improper purpose, and "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." Fed. R.Civ. P. 26(g); *see Black v. Wrigley*, No. 18-CV-2367 GPC-BGS, 2019 WL 1877070, at *6, *8 (S.D. Cal. Apr. 26, 2019). And it can be sanctioned under Rule 26(g)(3) if it transgresses those standards without substantial justification. *See id*. Rule 26 standing is broader than Rule 45 standing. *See, e.g., Focus Health Grp., Inc. v. Stamps*, No. 3:19-CV-452-TRM-HBG, 2020 WL 7774906, at *2 (E.D. Tenn. Dec. 30, 2020) (quoting *Diamond Resorts Int'l, Inc. v. Phillips*, 2018 WL 4328257 at *2 (M.D. Tenn. July 16, 2018) ("where a party's standing may fall short to quash a subpoena under Rule 45, Rule 26(c) affords parties the ability to move for a protective order on a third party's behalf.")).

The Federal Rules of Civil Procedure and the clearly established laws of this Circuit do not permit fishing expeditions. *In re Ohio Execution Protocol Litig.*, 845 F.3d at 238 ("[W]e have never sanctioned blind-faith efforts to unearth the supposition of wrongdoing"). "'[E]ven very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it.'" *Serrano v. Cintas Corp.*, 699 F. 3d 884, 901 (6th Cir. 2012) (quoting 8A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice & Procedure* § 2036 (3d ed. 2012).

## IV. ARGUMENT

### A. Mr. Stanifer's deposition is not relevant or proportional.

Mr. Stanifer's deposition cannot be the subject of proper discovery under Fed. R. Civ. P. (b)(1). First, the deposition is not relevant to any current case or controversy and, thus, no

jurisdiction exists for discovery by NSI.  NSI has cited several cases as authority for its pursuit of discovery solely to support an "anticipated" fee motion after all claims in the case have been dismissed or rendered moot. (Dkt 102.)  But none of the cases supports NSI's position.  At most, one of them found continued jurisdiction to hear an anticipated motion for fees.

*Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229, 1242 (Fed. Cir. 2008), where inequitable conduct had already been found, only establishes that a district court retains jurisdiction where counterclaims are rendered moot after a fee motion has already been filed. Courts applying *Monsanto* have consistently rejected the notion that litigation can continue absent a motion for attorney's fees under 35 U.S.C. § 285.  *See*, *e.g.*, *Ni-Q, LLC v. Prolacta Bioscience, Inc.*, No. 3:17-CV-934-SI, 2021 WL 3145968, at *3 (D. Or. July 26, 2021); *Z. Trim Holdings v. Fiberstar Inc.*, 2008 WL 2717656 (W.D. Wis. Apr. 10, 2008).

The Court in *Accordant Energy, LLC v. Vexor Technology, LLC*, 364 F.Supp.3d 780, 786 (N.D. Ohio Feb. 1, 2019), only applied *Monsanto* in a context in which the fee motion was "anticipated," finding that it had continuing jurisdiction to declare a patent invalid in ruling on an anticipated filing of a motion pursuant to section 285.  The Court in *Accordant* did not authorize discovery in connection with its holding that the defendant could file a section 285 motion.

Similarly, in *ShieldMark*, a fee motion was already on file when the Court rejected plaintiff's argument that the Court lacked jurisdiction to adjudicate the defendant's fee request. *Lowe v. ShieldMark, Inc.*, 2023 WL 3043769, at *2 (N.D. Ohio Apr. 21, 2023).  As in *Monsanto*, the Court had already found "that Plaintiffs acted in bad faith to hide their loss of standing, and that they violated their obligation to protect Defendants' confidential information."  *Id*. at *1.  The Court did not speak to any discovery in *ShieldMark*.

Even if jurisdiction is retained, a fee motion does not authorize a fishing expedition, and a court need not permit discovery simply because a party moves under section 285. *Digeo, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1370 (Fed. Cir. 2007).  When the only issue before a court is a fee motion, discovery is strongly disfavored.  A "[s]ection 285 attorney fees request is not a separate, surviving and independent cause of action, but rather a collateral or ancillary issue which is dependent on the main action." *Aventis Cropscience, N.V. v. Pioneer Hi-Bred Int'l, Inc.*, 294 F. Supp. 2d 739, 743 (M.D.N.C. 2003).  In this regard, "major secondary disputes over attorneys' fees should be avoided." *Id*. at 743-44 (collecting cases).  Given this, a defendant does not have any entitlement to pursue discovery in connection with a § 285 motion, and post judgment discovery for that purpose is strongly disfavored. *Id*. at 744-45.  In fact, "in instances where a plaintiff has elected to voluntarily dismiss an infringement action courts have often rejected fee petitions" altogether as a matter of both law and policy. *Dodge-Regupol, Inc. v. RB Rubber Products, Inc.*, 2010 WL 1342918, at *6 (M.D. Pa. Mar. 31, 2010) (collecting cases).  Courts are correct to decline to hold a trial that requires interrogation of the merits when the only remaining issue is a fee request.

> In considering whether . . . to hold such an adversarial hearing in [a patent] case, [we] note first that "[f]ee litigation is not to be used as a means for a party to litigate the substantive merits of the case." Indeed, because § 285 is recognized as an expression of Congress's view that attorneys fees should be available only in "rare and unusual circumstances," courts have been very reluctant to allow discovery on facts allegedly necessary to prove the exceptional nature of a case after its resolution "so as not to allow fee litigation to be the tail that wags the dog."

*Id*. at *14-15 (citing *Euclid Chem. Co. v. Vector Corrosion Techs., Inc.,* No. 05-80, 2008 WL 4404540, *5 (N.D. Ohio Sept. 24, 2008).  As such, permitting discovery after all claims are

dismissed or moot is strongly disfavored.  *Id.*  Given the procedural posture of this case, engaging in further discovery would not be proportionate even if an attorney fees motion was pending.

Moreover, the necessity for Horizon to file this Motion to avoid incurring the additional costs and burden associated with a duplicative and unnecessary deposition itself imposes undue burden and expense on Horizon, in addition to Mr. Stanifer.  *See, e.g., Coleman-Hill v. Governor Mifflin Sch. Dist.*, 271 F.R.D. 549, 555 (E.D. Pa. 2010) (sanctioning attorney for abuse of subpoena power that required moving party to file motion and try to do damage control).

For these reasons, NSI's Subpoena creates an undue burden that is not proportionate to the needs of the litigation under Fed. R. Civ. P. 26(b)(1).

## B. The Court should issue a protective order barring Mr. Stanifer's deposition pursuant to the improper Subpoena.

Under Rule 26, a court may issue an order to protect a party by forbidding discovery, specifying terms for discovery, forbidding inquiry into certain matters, or limiting the scope of discovery to certain matters.  Fed. R. Civ. P. 26(c).  Courts may further order payment of expenses by a party necessitated by having to move for a protective order. *Id.*; Fed. R. Civ P. 37(a)(5).  The Court should issue a protective order preventing Mr. Stanifer's deposition for three reasons.

First, NSI has filed no fee motion, and thus there is no case or controversy before the Court, and no jurisdictional basis for the subpoena or any other discovery by NSI.  NSI has cited no precedent, and Horizon has found no precedent, for a party to conduct discovery in the absence of a pending fee motion after all the claims in a case have been dismissed or rendered moot, even if NSI may still file a motion. Horizon does not concede that the subpoena or any other discovery by NSI would be appropriate if it had already filed a fee motion, but none of the cases NSI has cited supports the conduct of discovery to build a record for a *threatened* motion.

Second, even if NSI had filed a motion for recovery of attorney fees, discovery in support of a fee motion is at best highly disfavored and would be unjustified in this case.  It is well within this Court's discretion, and indeed proper, for this Court to reject NSI's vexatious fee request in the first place; permitting out-of-order, unconstrained discovery when the threatened fee request is not even before the Court guarantees the fee issues will "spiral out of control and result in major disputes" when there are no live claims remaining.  *Aventis*, 294 F. Supp. 2d at 744 (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 609-10, 121 S.Ct. 1835, 1843, 149 L.Ed.2d 855 (2001); *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1942, 76 L.Ed.2d 40 (1983)).

Third, a deposition of Mr. Stanifer would be duplicative and wasteful. NSI has already deposed him in the IPR on the exact issues NSI raised in its counterclaims.  (Ex. A.)  Indeed, NSI has repeatedly and vociferously represented that he already admitted in his previous deposition what NSI needs to prove its fee case.  Despite opportunity to do so, NSI has not identified any additional topics it did not already cover, let alone explained why it should be given another chance to cover them now, after all the claims in the case are dismissed or moot.  While NSI would no doubt appreciate revisiting the same topics covered in Mr. Stanifer's earlier testimony, providing it a ripe opportunity to confuse the witness and obtain additional testimony to mischaracterize, discovery is not a game of "gotcha."  The notion that Mr. Stanifer's memory would be clearer now, three years after his original deposition, is far-fetched.  Moreover, like Mr. Cupar, to the extent NSI seeks testimony regarding Mr. Stanifer's discussions with Horizon's counsel or his thoughts or discussions with Horizon's counsel during the litigation, that information is privileged.  There can be no benefit from a duplicative deposition of Mr. Stanifer at this end stage of the litigation, only undue burden.  *See Serrano*, 699 F. 3d at 901.

## V.    CONCLUSION

Jurisdiction over NSI's counterclaims has been extinguished, and so there is no basis for discovery.  NSI has chosen not to file a motion to recover fees, instead serving subpoenas absent jurisdiction and foisting unnecessary motion practice on this Court and Horizon.  NSI's arguments regarding prior and anticipated testimony from Mr. Stanifer also cannot be reconciled.  If, as NSI has repeatedly asserted, Mr. Stanifer has already admitted fraud in his previous deposition, there is no need for NSI to depose him again, and, conversely, if he did not actually admit fraud, there is no basis for any of this motion practice or a fee request to begin with.  The Court should, accordingly, issue a protective order prohibiting the Stanifer subpoena.

Further, because NSI is fully aware, at a minimum, that it issued a Subpoena without jurisdiction to do so, thereby burdening the Court with further motion practice, Horizon requests its fees in connection with this motion.

Dated: March 28, 2025

Respectfully submitted,
*/s/Christina J. Moser*
Christina J. Moser (0074817)
Email:   cmoser@bakerlaw.com
Brendan E. Clark (085634)
Email:   bclark@bakerlaw.com
Brian A. Troyer (059671)
Email:   btroyer@bakerlaw.com

BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH  44114-1214
Telephone:   216.621.0200
Facsimile:   216.696.0740
Attorneys for Plaintiff
Horizon Global Americas Inc.

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that, pursuant to Fed. R. Civ. P. 26(c)(1) and L.R. 37.1, Horizon conferred with NSI in a sincere and good-faith effort to resolve the dispute without action from the Court.

By: <u>*/s/Christina J. Moser*</u>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on this 28th day of March 2025 via the

Court's electronic filing system on all parties registered to receive service therefrom.

By:     <u>*/s/Christina J. Moser*</u>