**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| HORIZON GLOBAL AMERICAS INC., | ) | CASE NO.: 1:20-CV-00310-PAB |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| v. | ) | |
| NORTHERN STAMPING, INC., | ) | **HORIZON GLOBAL AMERICAS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS** |
| Defendant. | ) | |

Plaintiff Horizon Global Americas Inc. ("Horizon") respectfully submits this reply in support of its Motion to Dismiss the Counterclaims by Defendant Northern Stamping, Inc. ("NSI").

This case followed an unremarkable course, until now. Horizon filed a lawsuit enforcing two of its presumptively valid patents based on a clear case of intentional copying by its competitor, NSI. NSI protested, yet unearthed nothing with which to challenge the patents that the Patent Office had not already examined before granting those patents. NSI's only defenses argued references that the Patent Office had already considered and questioned a sketch that the Patent Office had already accepted; the latter being merely one of many pieces of evidence corroborating the inventors' prior conception. NSI had no real defenses to infringement.

In lieu of proceeding with the District Court case, where it would have to prove invalidity by clear and convincing evidence, NSI chose to take advantage of the expedited *inter partes* review ("IPR") process at the Patent Office, where it would face a lower burden of proof. NSI prevailed on a question of obviousness, invalidating one of the two asserted patents. NSI did not obtain a ruling on its allegations regarding the Horizon inventors' conception of the asserted patents.

Rather than investing more resources in the litigation, Horizon dismissed its claims as to both patents and issued a covenant not to sue that mooted NSI's declaratory judgment counterclaims.[1]

NSI's stubborn pursuit of this litigation stems from a misplaced insistence that Horizon should pay NSI's attorneys' fees. Its resistance to the dismissal of its counterclaims relies on word games, not law or fact. Implicitly conceding that a covenant not to sue will render its counterclaims moot, NSI's opposition to dismissing its counterclaims raises concerns regarding the scope of Horizon's covenant that are frivolous in light of the long-standing principles of patent exhaustion and standing and the lack of any existing threats against NSI's customers. NSI still insists that the Court retains jurisdiction over its inequitable conduct claims to determine whether the case is exceptional. But retaining jurisdiction over NSI's inequitable conduct counterclaims to decide a non-existent § 285 motion is not supported by the case law, which treats counterclaims and fee motions separately. NSI's insistence that the Court retain jurisdiction over its counterclaims only serves to drive up legal fees.

NSI's ultimate goal of being compensated for legal fees spent in this District Court case[2] would require an exceptional investment by this Court as it will be called upon to determine an entire case's worth of disputed issues without the benefit of a trial or the jury to which Horizon otherwise would be entitled on the subsidiary facts. And it must do so while keeping in mind the clear and convincing burden of proof that NSI would have to meet on the predicate issues of invalidity and inequitable conduct.

That is a burden the Court need not—and should not—shoulder. The Court should dismiss the counterclaims in their entirety for lack of subject matter jurisdiction. Apart from lack of subject

---

[1] Should the Court determine that Horizon's covenant does not moot NSI's counterclaims, Horizon is willing to issue further covenants to obviate any judiciable controversy.

[2] While NSI also seeks its fees in connection with the IPR, the Court of Appeals for the Federal Circuit is clear that NSI cannot request those fees. *Dragon Intel. Prop. LLC v. DISH Network L.L.C.*, 101 F.4th 1366 (Fed. Cir. 2024).

matter jurisdiction, given NSI's unprecedented demand to litigate moot counterclaims (to say nothing of its insistence on discovery), the Court is within its discretion to choose judicial economy and fundamental fairness over allowing fee litigation to become the "tail that wags the dog."

## I. NSI's Challenge to Horizon's Covenant Is Frivolous.

A court must dismiss an action if at any time subject matter jurisdiction lapses. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[3] NSI's quibbles about Horizon's covenant have no basis in law and do not support continuing subject matter jurisdiction.

### A. NSI Ignores the Well-Known Principle of Patent Exhaustion.

NSI's argument at PageID #: 3756-57 that Horizon's covenant does not include NSI's customers[4] and hypothetically leaves them open to suit by Horizon or its licensees ignores a basic principle of patent law: It is long settled that when a patentholder authorizes an entity to sell items and promises not to sue the entity for patent infringement, the patentholder loses the right to sue the entity's customers. *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 638, 128 S. Ct. 2109, 2122, 170 L. Ed. 2d 996 (2008) ("The authorized sale of an article that substantially embodies a patent exhausts the patent holder's rights and prevents the patent holder from invoking

[3] A disembodied prayer for attorneys' fees does not create subject matter jurisdiction. *See*, *e.g.*, *Ni-Q, LLC v. Prolacta Bioscience, Inc.*, No. 3:17-CV-934-SI, 2021 WL 3145968, at *3 (D. Or. July 26, 2021) ("The prerequisite in *Monsanto* for the court having jurisdiction to hold the patent that was no longer in suit unenforceable was the existence of a pending motion under § 285"); *Z. Trim Holdings v. Fiberstar Inc.*, 2008 WL 2717656, at *2 (W.D. Wis. April 10, 2008 ) (dismissing defendant's counterclaims, noting "[t]o the extent the issue of inequitable conduct is relevant to a request for attorney fees, defendant may raise it in the context of a § 285 motion"); *Tadayon v. DATTCO, Inc.*, 178 F. Supp. 3d 12, 19 (D. Conn. 2016) (dismissed inequitable conduct counterclaim is a distinct inquiry from a motion under § 285); *Digital Ally, Inc. v. TASER Int'l, Inc.*, No. 16-2032-CM, 2018 WL 1152285, at *2 (D. Kan. Mar. 5, 2018) (dismissing inequitable conduct claim; treating § 285 request separately ); *Panasonic Corp. v. Getac Tech. Corp*., No. SA CV 19-01118-DOC (DFM), 2022 WL 1599634, at *3 (C.D. Cal. Feb. 28, 2022) ("attorneys' fees claim does not provide an independent jurisdictional hook for Getac's fifth and eighth declaratory judgment counterclaims.")

[4] NSI's argument is so broad that a conforming covenant would allow NSI's customers not only to buy NSI products but also to infringe Horizon's patents by sourcing infringing articles from suppliers other than NSI or make infringing articles themselves. Such sweeping abandonments of patent rights are clearly not required of an effective covenant not to sue one infringer.

patent law to control postsale use of the article."); *TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1274–77, 90 U.S.P.Q.2d 1372 (Fed. Cir. 2009) (suit against customer dismissed due to patent exhaustion because patentee provided covenant not to sue to supplier). NSI fails to mention this key controlling law that disposes of its objections to Horizon's covenant.

NSI's arguments directly conflict with this well-settled and controlling law. Patent exhaustion is a "venerable principle" protecting authorized parties from subsequent restraints on alienation that are "obnoxious to the public interest." *Impression Prods., Inc. v. Lexmark Int'l, Inc.,* 581 U.S. 360, 371–72, 137 S. Ct. 1523, 1532, 198 L. Ed. 2d 1 (2017) (patent exhaustion prevents infringement claim despite specific license language to the contrary) (quoting *Straus v. Victor Talking Mach. Co*., 243 U.S. 490, 501, 37 S. Ct. 412, 61 L. Ed. 866 (1917)). Accordingly, neither Horizon nor any hypothetical licensees could sue NSI's customers because NSI's sale of products covered by any patent-in-suit, authorized by Horizon, exhausts Horizon's patents as to those products. The future litigation NSI imagines cannot "reasonably be expected to recur." *Already, LLC v. Nike, Inc*., 568 U.S. 85, 92, 133 S. Ct. 721, 727, 184 L. Ed. 2d 553 (2013).

**B. Horizon's Covenant Is Sufficiently Broad.**

Even setting aside the impact of patent exhaustion on Horizon's covenant, inclusion of NSI's customers in Horizon's covenant is not required to moot NSI's counterclaims. "There is no set requirement that a covenant not to sue list out all parties associated with the covenantee to be sufficiently broad." *Kindred Studio Illustration & Design, LLC v. Elec. Commc'n Tech., LLC*, No. CV 18-7661-GW(GJSX), 2018 WL 6985317, at *5 (C.D. Cal. Dec. 3, 2018). NSI ignores that the Court in *Bendix* rejected its argument here, holding that the mere possibility of customer suits without an objective indication that such suits are imminent does not create the "reasonable apprehension of suit" required to find jurisdiction over a controversy. *Bendix Com. Vehicle, Sys.*

*LLC v. Haldex Brake Prods. Corp.*, No. 1:09 CV 176, 2010 WL 3221972, at *3 (N.D. Ohio Aug. 13, 2010).

> Although, in this case, the Plaintiffs' covenant similarly fails to protect [Defendant's] customers, the Plaintiffs do not have a history of suing customers. Apprehension over the possibility that Plaintiff will take such a tact, without any history of it happening, is not enough to create an actual controversy. *See, Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.,* 556 F.3d 1294,1298 (Fed.Cir.2009) citing *Benitec Austl., Ltd. v. Necleonics, Inc.,* 495 F.2d 1340, 1346 (Fed.Cir.2007) ("[R]esidual possibility of a future infringement suit based on ... future acts is simply too speculative.")

*Id*. *See also*, *Cocona, Inc. v. Sheex, Inc.*, 92 F. Supp. 3d 1032, 1037-1041 (D. Colo. 2015) (defendant's "generalized concern about potential lawsuits against its customers and licensees, without more, is not enough to sustain subject matter jurisdiction").

NSI's supposed concern about possible Horizon licensees is also irrelevant because only the patent owner, Horizon, has standing to bring an action for patent infringement. *See Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1031 (Fed. Cir. 1995) ("there are strong policy reasons why patent law does not confer standing on a nonexclusive licensee to sue a third party for infringement even though the licensee has suffered due to the infringement"); *Beavers v. Riley Built, Inc.*, 168 F. Supp. 3d 948, 951 (W.D. Ky. 2016) ("only 'a patentee or successor in title to the patentee may bring an action for patent infringement'" (citations omitted)).

### C. NSI's Suppositions Do Not Support Subject Matter Jurisdiction.

NSI's claimed concerns for its customers and vague hypotheticals regarding Horizon's alleged licensees are an insufficient foundation upon which to rest continued subject matter jurisdiction. NSI fails to articulate a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. As the Court noted:

> The mere possibility or apprehension of a potential controversy does not meet the Supreme Court's requirement that a dispute be "definite", "concrete", "real", and "substantial". *Medimmune,* 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2006). "In a declaratory judgment action, an actual controversy must be based on

> a real and immediate injury or threat of future injury that is caused by the defendants—an objective standard that cannot be met by a purely subjective or speculative fear of future harm." *Panavise Prods., Inc. v. Nat'l Prods., Inc.* 306 Fed. Appx. 570, 572 (Fed.Cir.2009) quoting *Prasco, LLC v. Medicis Pharm. Corp.,* 537 F.3d 1329, 1338 (Fed.Cir.2008).

*Bendix*, 2010 WL 3221972, at *3. *See also, Spicy Beer Mix, Inc. v. New Castle Beverage*, No. CV 14-00720 SJO JEMX, 2014 WL 7672167, at *7 (C.D. Cal. Aug. 1, 2014) (threats to sue distributors and retailers made prior to issuance of covenant not evidence of actual controversy). NSI's "what if" complaints about Horizon's covenant are remote and thus insufficient to support subject matter jurisdiction over NSI's counterclaims.

## II. Even if the Court Has Discretion to Hear NSI's Claims, It Should Not.

NSI fails to identify a compelling reason why the Court should retain jurisdiction over its counterclaims. Even if NSI proceeds with its threatened motion for an exceptional case finding under § 285, this Court should exercise its discretion to decline to determine the merits of NSI's counterclaims.

### A. NSI's Fee Claim Requires Costly Litigation of the Merits of the Now-Dismissed Case.

The fact that the merits were never reached is one of the many reasons why this case is not exceptional. The parties litigated this case for more than a year before the Court stayed proceedings due to the IPR. Yet NSI chose not to conduct the fact discovery it now seeks despite claiming it raised its concerns with Horizon early in the dispute. The Court never ruled on claim construction, infringement, or validity. As a result, "consideration of the issue of inequitable conduct at this stage in the proceedings would be, in effect, a delayed trial on the merits of [all] of the central claims in the suit." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, No. CV035965PSGMANX, 2009 WL 10700315, at *8 (C.D. Cal. Sept. 18, 2009), *aff'd*, 388 F. App'x 984 (Fed. Cir. 2010).

To prove inequitable conduct, even at summary judgment or by analogous motion ruling, NSI must show by clear and convincing evidence that third parties formerly associated with Horizon made a material misrepresentation[5] with specific intent to defraud. *See*, *e.g.*, *Alpha Tech. U.S.A. Corp. v. Mlsna Dairy Supply, Inc.*, No. 13-CV-870-WMC, 2015 WL 128086, at *2 (W.D. Wis. Jan. 8, 2015), *aff'd*, 622 F. App'x 909 (Fed. Cir. 2015) (dismissing counterclaims for lack of subject matter jurisdiction and denying fees under § 285). "[T]o meet the clear and convincing evidence standard, the specific intent to deceive must be the single most reasonable inference able to be drawn from the evidence." *Id.* (citing *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011)).

Under *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 134 S. Ct. 1749, 188 L. Ed. 2d 816 (2014) the Court would be forced to consider the merits of every substantive issue in this case, including, *inter alia*: (1) the proper construction of "receiving member"; (2) the strength of Horizon's infringement claim given NSI's copying; (3) the strength of NSI's claim that the patents were invalid over prior art already considered by the Patent Office; (4) whether Horizon or its customer, non-party Ford, invented what is claimed in the Horizon patents; (5) the inventors' (one of whom has since passed away) subjective belief regarding correct inventorship for the claimed inventions at the time the applications were filed; (6) an inventor's subjective belief regarding what constituted "receiving members" in a seventeen-year-old sketch; and (7) the ultimate materiality of that single conception sketch in light of the extensive, undisputed record corroborating conception prior to either of the Withers references.

---

[5] As Horizon has explained, the conception drawing is not material because Horizon produced and filed extensive alternative evidence supporting its position that it conceived the invention embodiments claimed prior to Mr. Withers. *See*, *e.g.*, Dkt 104 at PageID #: 3874–3787.

NSI contends it requires further discovery on some of the above issues and, if the case proceeds as NSI wishes, Horizon would be forced to undertake reciprocal discovery. In short, NSI intends to force a full airing of the merits before accepting that this case is not exceptional under § 285. The cost of the foregoing is certain to exceed the costs of the District Court case leading up to Horizon's dismissal of its claims.

### B. Judicial Economy Favors Exercise of the Court's Discretion to Reject NSI's Call for Additional Litigation.

Entertaining NSI's fee request requires trying a case that no longer exists. The Court has discretion to decline NSI's invitation to do so.

After deciding the merits of the never-before determined material facts, the Court would then have to conduct a meta-analysis of those facts to assess whether Horizon should have known of those facts and when it should have known them to then weigh whether Horizon's actions were exceptional. Such an inquiry would require "the court to indulge [the parties] in lengthy discovery or collateral evidentiary proceedings of these claims, steps which would be tantamount to a trial" of a case that is already concluded. *Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, No. CIV3:06-CV-236, 2010 WL 1342918, at *12 (M.D. Pa. Mar. 31, 2010). This case within a case sought by NSI would be a breathtaking waste of time and resources.

As such, ample case law exists rejecting requests to hold a trial that requires interrogation of the merits when the only remaining issue is a fee request. In *Euclid Chem. Co. v. Vector Corrosion Techs., Inc.*, No. 1:05 CV 80, 2008 WL 4404540, at *5 (N.D. Ohio Sept. 24, 2008), the Court explained that "[f]ee litigation is not to be used as a means for a party to litigate the substantive merits of the case." *Euclid Chem*, 2008 WL 4404540, at *5 (citing *Polarity, Inc. v. Diversified Techs., Inc.*, No. C-06-0646 EMC, 2006 WL 3456634, at *4 (N.D. Cal. Nov. 29,

2006)). To do so would "allow fee litigation to be the tail that wags the dog." *Id*. (citing *Aventis Cropscience, N.V. v. Pioneer Hi–Bred Int'l, Inc.,* 294 F. Supp. 2d 739, 743 (M.D.N.C. 2003)).

For this reason, the Court in *Euclid Chem.* concluded not only that it was "not required to conduct a trial in this situation," but that such a trial, "where none of the facts required to make a finding of exceptional circumstances are presently in the record, would run contrary to the public policy that favors resolution of disputes prior to trial by permitting a full, new trial of substantive issues already dismissed from the case." *Id*. Other courts agree.

> Such an exercise of discretion, could adversely affect counsel in their own exercise of discretion in choosing to discontinue litigation, since it would suggest that litigants who acknowledge changing circumstances may be punished for their candid acknowledgment that an action should be abandoned. As a general matter, we believe that sanctions should not be imposed in a fashion which encourages parties to continue with possibly meritless litigation. Instead, sanctions practice should encourage voluntary acknowledgments by parties that the time for litigation of an issue has drawn to a close.

*Dodge-Regupol, Inc.* 2010 WL 1342918. at *14. As such, "in instances where a plaintiff has elected to voluntarily dismiss an infringement action courts have often rejected fee petitions" altogether as a matter of both law and policy. *Id*. at *6 (collecting cases).

### C. Consideration of the Disputed Issues at this Stage Circumvents Procedural Safeguards.

The adversary system relies on procedural safeguards to ensure fair and accurate outcomes. Summary determination of as-yet undecided facts would evade those safeguards.

To consider the issues raised by NSI, the Court will be forced to determine the subjective mindset of at least one inventor who is not even alive to defend himself and the mindset of his co-inventor (who is already on record as insisting that Withers did not conceive of the asserted invention), as well as resolve an inventorship battle without the participation of one of the patent owners (Ford). The absence of these interested parties undermines the Court's consideration of the underlying facts.

Entertaining NSI's counterclaims at this juncture would not be fair to Horizon either because, on the predicate issue of infringement, Horizon would have had the benefit of full discovery on NSI's copying of Horizon's product and expert testimony. Because none of the evidence has been considered in this case, Horizon believes it is entitled to a trial by jury on the subsidiary facts or, alternatively, an evidentiary hearing.[6] NSI's inequitable conduct claim cannot be determined in a summary manner because the subsidiary fact issues involve credibility determinations that are the province of a jury.

On the predicate issues of invalidity and inequitable conduct, NSI should be burdened with proving its case by clear and convincing evidence. It cannot satisfy that burden through summary adjudication of the facts. For example, NSI is asking the Court to determine (among many other material facts) whether a non-party, Sean Withers, first invented the claimed invention. Mr. Withers' declaration is insufficient to satisfy NSI's burden of proof because "the oral testimony of the inventor of the purported prior art must be corroborated."[7] *Mosaic Brands, Inc. v. Ridge Wallet LLC*, 55 F.4th 1354, 1363 (Fed. Cir. 2022) (reversing summary judgment finding anticipation).

In *Mosaic*, the Federal Circuit summarized the standard for corroborating evidence bearing on invalidity and reversed the district court's grant of summary judgment because, even if the evidence of prior invention is legally sufficient, "a factfinder will have to evaluate the credibility and persuasiveness of the evidence of corroboration and make its own judgment" as to whether it

---

[6] While it has long been accepted that there is no right to a jury trial on inequitable conduct claims, *see Am. Calcar, Inc. v. Am. Honda Motor Co.*, 651 F.3d 1318, 1333 (Fed. Cir. 2011), the Supreme Court recently ruled in *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 125, 144 S. Ct. 2117, 2130, 219 L. Ed. 2d 650 (2024) that a Seventh Amendment right to a jury trial exists with respect to SEC enforcement proceedings seeking monetary remedies and sounding in fraud. "The close relationship between the causes of action in this case and common law fraud confirms that conclusion. Both target the same basic conduct: misrepresenting or concealing material facts." *Id.* Here, NSI is seeking monetary remedies (attorneys' fees) based on an inequitable conduct claim that sounds in fraud. *See* Dkt 88 (Counterclaims V–VIII); Dkt 99 at PageID #: 3665 ("crime/fraud").

[7] "Possible corroborating evidence, from most to least probative, includes documentary and physical evidence created at the time of conception or reduction to practice, circumstantial documentary evidence about the inventive process, and oral testimony by someone other than the inventor." *Mosaic*, 55 F.4th at 1363.

clearly and convincingly establishes invalidity. *Id.*, 55 F.4th at 1364. "Whether testimony is sufficiently corroborated is ultimately a question of fact" and one that is traditionally reserved for a jury. *Id* at 1363-64; *see also Adenta GmbH v. OrthoArm, Inc.*, 501 F.3d 1364, 1371-72 (Fed. Cir. 2007) ("Assessing the sufficiency of evidence which corroborates a witness's testimony concerning invalidating activities has been analyzed under the 'rule of reason' test, and it is a jury question.").

In addition to being more appropriately a matter for a jury to decide, NSI cannot meet its burden of establishing prior inventorship by way of dispositive motion. Here, the only documentary evidence of inventorship in the record corroborates Horizon's prior invention. Even the hand drawing that NSI (incorrectly) believes does not show conception is corroborating evidence supporting Horizon's earlier invention. NSI could not meet its burden to corroborate Mr. Wither's self-interested declaration.

In asking the Court to serve as the finder of fact on these untested issues, NSI is disregarding the procedural safeguards afforded by heightened burdens of proof and letting juries determine issues of credibility.

**D. NSI's Improper Antagonism Hints at Further Litigation.**

NSI's proposed § 285 motion inevitably will lead to additional litigation under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. NSI's claimed entitlement to fees, as previewed in several recent filings, rests on distortions of Mr. Stanifer's deposition testimony and a claim of prior inventorship by Mr. Withers lacking any corroborating evidence. NSI also steadfastly refuses to acknowledge that the corroborating evidence of prior invention produced by Horizon years ago in accordance with the Local Patent Rules renders the disputed sketch immaterial to the issue of patentability. And it illogically insists that the inventors did not possess the concept of "receiving members" even though one of the inventors is also an inventor on the prior art Lindenman reference that NSI

argued teaches the claimed "receiving members." Still more, the law does not require that all claim elements be present in a particular piece of evidence of conception for the Patent Office to properly conclude that inventors had in fact conceived the invention claimed. *See Mosaic*, 55 F.4th at 1363-64. NSI knows or reasonably should know all of this. Proceeding with the same misrepresentations and distortions of the record it has relied on thus far will place NSI in jeopardy of having to pay Horizon's fees.

## CONCLUSION

NSI's complaints about Horizon's covenant not to sue are meritless. The Court no longer has subject matter jurisdiction over NSI's counterclaims. Moreover, complete dismissal of NSI's counterclaims serves the interests of judicial economy. Accordingly, even if the Court finds that some basis for continued subject matter jurisdiction over NSI's counterclaims exists, it should exercise its discretion to dismiss them.

Horizon respectfully requests that the Court grant its motion to dismiss NSI's counterclaims.

Dated: April 3, 2025

Respectfully submitted,

*/s/Christina J. Moser*

Christina J. Moser (0074817)
Email: cmoser@bakerlaw.com
Brendan E. Clark (085634)
Email: bclark@bakerlaw.com
Brian A. Troyer (059671)
Email: btroyer@bakerlaw.com

BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: 216.621.0200
Facsimile: 216.696.0740
Attorneys for Plaintiff
Horizon Global Americas Inc.

## CERTIFICATE OF COMPLIANCE

I hereby certify pursuant to L. Civ.R. 7.1(f) that this brief complies with the page limits for dispositive motions in cases assigned to the Standard Track.

By: *<u>/s/Christina J. Moser</u>*
Christina J. Moser

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on this 3rd day of April 2025 via the Court's electronic filing system on all parties registered to receive service therefrom.

By: *<u>/s/Christina J. Moser</u>*
Christina J. Moser