IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HORIZON GLOBAL AMERICAS, INC,** | Case No. 1:20-CV-00310-PAB |
| Plaintiff, | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **NORTHERN STAMPING, INC.,** | **MEMORANDUM OPINION & ORDER** |
| Defendants | |

On October 7, 2025, Northern Stamping, Inc. ("NSI" or "Defendant") filed an Objection to the Imposition of Any Stay of Its Motion to Collect Fees from McDonald Hopkins for Litigation Misconduct ("NSI's Objection"). (Doc. No. 126.) On October 9, 2025, McDonald Hopkins LLC ("McDonald Hopkins") filed a Response to NSI's Objection. ("McDonald Hopkins' Response"). (Doc. No. 127.) On October 10, 2025, NSI filed a Reply in support of its Objection ("NSI's Reply"). (Doc. No. 128.) For the reasons below, the Court concludes that pursuant to the Court's inherent authority, the entire case should be stayed. Accordingly, the case is hereby **STAYED** pending the resolution of Horizon's bankruptcy proceeding.

**I.    Background**

On May 27, 2025, NSI filed a "Motion for Attorneys' Fees Pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Inherent Power of this Court, and Unenforceability of the Asserted Patents for Inequitable Conduct" ("NSI's Motion"). (Doc. No. 113.) Therein, NSI "moves for attorneys' fees against Plaintiff Horizon Global Americas, Inc. ("Horizon") pursuant to 35 U.S.C. § 285, against Horizon's counsel pursuant to 28 U.S.C. § 1927, and against both Horizon and its counsel pursuant to the Court's inherent power. NSI further moves this Court to find the Asserted Patents

unenforceable due to inequitable conduct." (Doc. No. 113 at PageID# 4119.) To gather evidence in support of NSI's Motion, NSI has issued deposition subpoenas to Eric Stanifer, Horizon's former employee and the named inventor of the '050 Patent, and Horizon's former lawyer, Attorney David Cupar, and both Horizon and Cupar have moved to quash the subpoenas. (Doc. No. 98; Doc. No. 100; Doc. No. 105.) Those motions are currently pending.

On October 1, 2025, Horizon notified the Court that it had filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. (Doc. No. 124.) On October 2, 2025, this Court indicated its intention "to impose an automatic stay of proceedings in this case and administratively close the case" on October 10, 2025, and ordered "any party or party in interest that opposes the imposition of the automatic stay and administrative closure of the case" to file an objection by October 9, 2025. (Doc. No. 125.) On October 7, 2025, NSI filed its Objection. (Doc. No. 126.) On October 9, 2025, McDonald Hopkins filed its Response. (Doc. No. 127.) On October 10, 2025, NSI filed its Reply. (Doc. No. 128.) Also on October 10, 2025, the Court determined that "[t]he instant action is automatically stayed pursuant to 11 U.S.C. § 362[.]" (Doc. No. 129 at PageID# 4250.) However, this Court noted that it would "refrain from administratively closing the case at this time, so that it may evaluate NSI's Objection and McDonald Hopkins' Response and determine whether NSI's claim for attorneys' fees against McDonald Hopkins may proceed and be determined by this Court despite the stay of the instant action." (*Id.*) Having evaluated the Parties' briefing, the Court concludes that pursuant to the Court's inherent authority, the entire case should be stayed pending resolution of Horizon's bankruptcy proceeding.

**II.     Analysis**

NSI argues that the automatic stay under 11 U.S.C. § 362(a) does not apply to NSI's Motion because the automatic stay only protects Horizon as the debtor, not McDonald Hopkins as a non-debtor, and does not apply to motions for attorneys' fees where the fees are imposed as a sanction for litigation misconduct.  (Doc. No. 126 at PageID# 4235.)[1]  McDonald Hopkins argues that "the judicially economical course is to stay the entire case rather than to proceed piecemeal" because "NSI seeks to recover attorney fees from Horizon and its attorneys based on the same allegations and conduct" and seeks to depose Cupar without Horizon's participation.  (Doc. No. 127 at PageID#s 4238-39.)  NSI replies that Horizon's bankruptcy "will likely not be a short and simple process" and so "it would be unfair to NSI to have to wait until the uncertain bankruptcy proceedings of Horizon conclude to have its motion for fees adjudicated" and that absent relief from the Bankruptcy Court, "the automatic stay simply does not apply to MH."  (Doc. No. 128 at PageID#s 4241-42.)

What NSI appears to overlook is that even if the automatic stay does not apply to McDonald Hopkins as a non-debtor (an issue which this Court does not decide), the Court has inherent authority to stay the proceeding against McDonald Hopkins.  *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").  In exercising that discretion, "a district court generally considers three factors: (1) 'any prejudice to the non-moving party if a stay is granted,' (2) 'any prejudice to the moving party if a stay is not granted,' and (3) 'the extent to which judicial economy and efficiency would be served by the entry of a stay.'"  *Griffin v. Portaro Grp., Inc.*, 2019 WL 1577929 at *1 (N.D. Ohio Apr. 12, 2019) (citation omitted).

---

[1] In its Objection, NSI agreed to forgo its request for a deposition of Stanifer during the automatic stay.  (*Id.* at PageID# 4236.)

3

McDonald Hopkins points the Court to two persuasive authorities which guide this Court's exercise of discretion. In *Putman v. Cty. of Tuscola*, 2025 WL 838434 (E.D. Mich. Mar. 17, 2025), one of several co-defendants, CHC, filed for Chapter 11 Bankruptcy and the court highlighted that while "the Court can adjudicate Putman's claims against each remaining defendant except for CHC[,]" "rather than allow this case to proceed in a piecemeal fashion, the Court will instead **STAY** the entire case until the automatic bankruptcy stay is lifted." 2025 WL 838434 at *1. It stressed that "adjudicating Putman's remaining claims in a piecemeal fashion would impose a burden on both Defendants and this Court that outweighs any harm that a stay could impose on Putman" because it would require duplicative litigation by "proceeding against the remaining defendants, and then repeating the same, lengthy process against CHC once the automatic stay is lifted." *Id.* at *4. And in *Doss v. Cty. of Alameda*, 2024 U.S. Dist. LEXIS 218513 (N.D. Cal. Dec. 3, 2024), the court refused to "wade through the morass of bankruptcy filings to determine whether [the Bankruptcy Judge's] stay order applies to any defendants other than [the debtor] in this litigation" because the court could rely on its "inherent authority" to stay its proceedings. *Id.* at *4. The court explained: "Many of Plaintiffs' claims in this case arise from similar facts and similar legal arguments such that a partial stay would require the parties to relitigate the same issues once the bankruptcy stay is lifted. That would be inefficient for everyone involved." *Id.*[2]

---

[2] The court in *Putman* cited to five additional on-point cases, all of which clearly support the proposition that even where the automatic stay does not extend to a non-debtor, district courts can invoke their inherent authority to stay proceedings against non-debtors if doing so avoids duplicative litigation. *See J&J Sports Productions, Inc. v. Brar*, 2012 WL 4755037 at *1-2 (E.D. Cal. Oct. 3, 2012) (declining to "stay the action against [the non-debtor] pursuant to § 362" but noting that it will stay the case against the non-debtor "under its inherent authority" because "[i]f the court were to permit plaintiff to proceed with its claims against [the non-debtor] only, a later trial of the claims against the [debtor] defendant could involve the relitigation of most if not all of the issues litigated in the first proceeding involving [the non-debtor]."); *Winthrop Intel. LLC v. Harvard Cider Co., LLC*, 2019 WL 2544075 at *2 (D. Colo. June 20, 2019) ("Though the automatic stay required by Section 362(a)(1) stays only the claims against [the debtor] and does not extend to other Defendants and Intervenor Copeland . . . the Court finds that in the interests of efficiency and economy, this entire action should be stayed until [the debtor] can participate in the litigation.") (internal citations omitted) (cleaned up); *Rodriguez*

4

This Court takes the same approach. The only prejudice NSI identifies is the obvious prejudice caused by any stay, i.e., having to wait longer for the court to adjudicate the claim. (Doc. No. 128.) But NSI underappreciates the efficiency concerns of not staying this case. First, the factual bases for NSI's Motion against Horizon under § 285 and against McDonald Hopkins under § 1927 and the Court's inherent powers are essentially the same. NSI's bases for attorneys' fees under § 285 against Horizon are that (1) Stanifer and Attorney Benni submitted a false declaration to the USPTO, and (2) Horizon and McDonald Hopkins engaged in litigation misconduct throughout this proceeding and the IPR by "repeatedly identifying different components as the alleged receiving member in the Sketch" and "failing to contact Mr. Stanifer to perform a reasonable investigation." (Doc. No. 113-1 at PageID#s 4137-38.) NSI relies on the same factual contentions to support its § 1927 and inherent powers arguments, namely that "a false Rule 131 declaration formed the sale basis for [Horizon's] patent grant" and McDonald Hopkins "fail[ed] to timely investigate the matter[.]" (*Id.* at PageID#s 4133-34.) NSI even asks the Court to infer Horizon's specific intent from McDonald Hopkins' litigation conduct: "the law firm of McDonald Hopkins has been a part of this process at every single step, having prosecuted Horizon's patents before the Patent Office, litigated them in this Court, and

---

*v. Xtreme Mfg., LLC*, 2012 WL 12819336 at *2 (D.N.M. Mar. 20, 2012) ("[I]t would be most efficient and economical for all of the parties and for the Court to stay the case until [the debtor] can participate in the litigation. It does not make sense to proceed as to all Defendants except [the debtor] because Plaintiffs' claims against [the debtor] are not separate and independent from their claims against the other Defendants."); *Wordtech Sys., Inc. v. Integrated Network Sols., Inc.*, 2012 WL 6049592 at *3 (E.D. Cal. Dec. 5, 2012) (noting that although "the Court does not have the authority to extend the stay of § 362 to [the non-debtor][,]" "[a]llowing Wordtech to proceed with its claims against [the non-debtor], and thus go to trial first against [the non-debtor] and later against [the debtors] would waste judicial resources. The claims against Defendants are substantially similar and related."); *Beardsley v. All Am. Heating, Inc.*, 2007 WL 1521225 at *3 (W.D. Wash. May 22, 2007) ("[I]t would also be more efficient to stay the entire case while claims against [the debtor] are subject to the automatic stay, rather than to proceed with this litigation on a piecemeal basis. Therefore, the Court will invoke its inherent authority to stay this case in its entirety, without deciding at this time whether [the debtor's] bankruptcy filing operates as an automatic stay of Plaintiffs' claims against all Defendants.").

represented Horizon in the IPR proceedings." (*Id.* at PageID# 4138.)[3] If the Court decided these issues without Horizon, then once Horizon becomes able to fully participate, the Court would need to reopen those same factual and legal issues. Second, if the Court allowed the deposition of Horizon's former attorney without Horizon's participation, Horizon would be unable to object to protect its interests. And if the Court proceeded to adjudicate NSI's Motion, the Court would not only need to resolve the above factual issues, but it would potentially need to apportion liability between McDonald Hopkins and Horizon, all without Horizon's participation.

Accordingly, the Court concludes that the entire case should be stayed.

### III. Conclusion

For the foregoing reasons, this case is hereby STAYED pending resolution of Horizon's bankruptcy proceeding. Cupar's Motion to Quash Subpoena (Doc. No. 98), Horizon's Motion to Quash Cupar Subpoena or for Protective Order (Doc. No. 100), Horizon's Motion for Protective Order Against NSI's Subpoena to Eric Stanifer (Doc. No. 105), and NSI's Motion (Doc. No. 113) are hereby denied without prejudice, subject to refiling after the automatic stay necessitated by the filing of Horizon's Bankruptcy Petition is lifted. Accordingly, the case shall be administratively closed.[4]

**IT IS SO ORDERED.**

    *s/Pamela A. Barker*
PAMELA A. BARKER
Date: October 15, 2025    U. S. DISTRICT JUDGE

---

[3] Indeed, even NSI must implicitly concede the overlap in the factual predicates supporting its Motion under both § 285 and § 1927 because it filed its Motion against both Horizon and McDonald Hopkins as one motion with one statement of facts to support both requests. (Doc. No. 113-1 at PageID#s 4125-31.)

[4] *See J & J Sports Prods., Inc.*, 2012 WL 4755037 at *2 ("As it appears that the action will be stayed due to the bankruptcy proceedings for the foreseeable future, this case shall be ordered administratively closed.").