**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| HORIZON GLOBAL AMERICAS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00310-PAB |
| | ) | |
| NORTHERN STAMPING, INC., | ) | Honorable Judge Pamela A. Barker |
| | ) | |
| Defendant, | ) | |

**DEFENDANT NORTHERN STAMPING, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME TO FILE AN AMENDED MOTION FOR ATTORNEYS' FEES**

Nearly nine years into this dispute, NSI seeks to promptly bring this case to its conclusion. After prevailing in this suit, NSI timely filed a motion for attorneys' fees ("First Fees Motion") (Dkt. 113) seeking recovery from both Horizon and its counsel. But resolution of that final issue was derailed when Horizon subsequently filed for bankruptcy. Currently, this case is stayed pending resolution of those bankruptcy proceedings.

To expedite resolution of this case, NSI seeks to file an Amended Motion for Attorney's Fees ("Amended Fees Motion"), which is attached to this memorandum. In the Amended Fees Motion, NSI addresses this Court's primary considerations for applying the automatic bankruptcy stay not only to Horizon, but to its counsel as well. More specifically, the Amended Fees Motion effectively closes the door on Horizon's involvement in this suit; NSI no longer seeks any recovery from Horizon. NSI would also agree to forgo any further discovery, thereby avoiding any prejudice to Horizon to the extent that it is unable to participate in discovery during its bankruptcy proceedings. Accordingly, by granting this Motion, the remaining issues will be streamlined, and Horizon's bankruptcy proceedings no longer have any bearing on a final disposition of a fees

motion.

For the reasons stated herein, NSI respectfully asks this Court to grant its Motion for Extension of Time to File its Amended Fees Motion.

## I.      BACKGROUND

After prevailing in this suit, NSI timely filed its First Fees Motion. Dkt. 113. In that Motion, NSI sought: 1) fees from Horizon pursuant to 35 U.S.C. § 285; 2) a related declaration that Horizon's patents were unenforceable due to its fraud on the Patent Office; and 3) fees from Horizon's original counsel pursuant to 28 U.S.C. § 1927 and the inherent powers of this Court. *Id.* NSI also sought to depose Horizon's counsel, Mr. Cupar, and its named inventor on the patents-in-suit, Eric Stanifer.

Before any of these issues were resolved, Horizon notified the Court that it filed a petition under Chapter 11 of the Bankruptcy Code. Dkt. 124. On October 2, this Court notified the parties of its intent to impose the Bankruptcy Code's automatic stay. Dkt. 125. NSI opposed the imposition of that stay as it pertained to McDonald Hopkins. Dkt. 126. However, the Court stayed the case with respect to both entities, holding: 1) because "the factual bases for NSI's Motion against Horizon under § 285 and against McDonald Hopkins under § 1927 and the Court's inherent powers are essentially the same, . . . if the Court decided these issues without Horizon, then once Horizon becomes able to fully participate, the Court would need to reopen those same factual and legal issues"; and 2) "if the Court allowed the deposition of Horizon's former attorney without Horizon's participation, Horizon would be unable to object to protect its interests." Dkt. 130 at 5-6. At the time the stay was instituted, neither Horizon nor its counsel had filed a response to NSI's First Fees Motion.

Through this Motion for Extension of Time, NSI seeks to streamline this case and its

2

resolution by filing its Amended Fees Motion, which is attached to this memorandum. The Amended Fees Motion addresses the Court's bases for staying this case with respect to Horizon's counsel. More specifically, in its Amended Fees Motion, NSI seeks to proceed exclusively on the grounds that Horizon's **counsel** is liable for fees pursuant to § 1927 and the Court's inherent powers. NSI will not pursue any claims against Horizon itself, nor does it seek any related declarations. NSI also would agree to withdraw its pending subpoenas to Mr. Stanifer and Mr. Cupar. Accordingly, the Court will only need to address the issue of **counsel's** liability for fees.

## II.       LEGAL STANDARD

"When requesting an extension of time, the party seeking the extension must first establish excusable neglect." *Thomas v. Abercrombie & Fitch Co.*, No. 16-CV-11467, 2017 WL 11565732, at *2 (E.D. Mich. Nov. 13, 2017) citing *United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996). "The Court balances five factors when determining whether excusable neglect exists: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Id.* citing *Howard v. Nationwide Prop. and Cas. Ins. Co.*, 306 F. Appx. 265, 266-67 (6th Cir. 2009).

## III.      ARGUMENT

All five factors weigh in favor of granting NSI's motion for extension of time.

### A.       There is no danger of prejudice to the nonmoving parties, which weighs in favor of granting this motion

Neither Horizon nor its counsel is prejudiced by this motion. In fact, Horizon only stands to gain as the Amended Fees Motion effectively ends the case with respect to Horizon. NSI no longer seeks any recovery from Horizon.

Horizon's counsel will also benefit if this Motion is granted. Mr. Cupar, for example, is

assured that he will not be deposed. Likewise, no resources will be expended to attend and participate in the deposition of Mr. Stanifer, which NSI also agrees to forgo. Counsel is not prejudiced simply on the basis that it will have to respond to the Amended Fees Motion. Counsel never filed a response to the First Fees Motion, therefore, it will have to respond to a fees motion once the stay is lifted—the First or the Amended Fees Motion. Even to the extent it began preparing a response, NSI's Amended Fees Motion seeks fees from counsel on the same grounds as presented in its First Fees Motion—i.e. § 1927 and this Court's inherent powers. Accordingly, any preparation that counsel undertook will be equally applicable to the Amended Fees Motion.

**B.      The length of the delay and its potential impact on judicial proceedings weighs in favor of granting this motion**

The delay between NSI's timely filing of its First Fees Motion until present has had no significant impact on these judicial proceedings. Indeed, this case has been stayed for most of the intervening period from the filing of NSI's First Fees Motion until now. Neither Horizon nor its counsel filed a response to that motion, and the Court has not ruled on that Motion.

In fact, the filing of the Amended Fees Motion will create judicial efficiencies and lower the burden on the parties. The Court will only have to address Horizon's counsel's liability for fees; it will not have to address any fee issues with respect to Horizon itself. Further, the Court will not have to rule on any motions related to NSI's subpoenas, which NSI would agree to withdraw. Accordingly, the Amended Fees Motion streamlines issues for this Court and for the parties.

**C.      Horizon's Chapter 11 filing is the reason for the delay, and the fact that the resulting delay was not within the reasonable control of NSI weighs in favor of granting this motion**

NSI addresses the related third and fourth factors together. To be clear, NSI did timely file its First Fees Motion in May 2025. Dkt. 113. In October 2025, Horizon informed the Court that it

4

had filed for bankruptcy. Dkt. 124.  The Court promptly stayed the case. Dkt. 130.

Horizon's Chapter 11 filing is the reason for the delay, and that bankruptcy filing was entirely outside of NSI's control. Had Horizon not filed a petition under Chapter 11, this case would have been resolved under NSI's First Fees Motion without any delay. It is Horizon's bankruptcy filing that resulted in the stay, and that has prompted NSI to seek a more efficient and prompt resolution of this fees issue. This factor weighs in favor of granting this motion. *Veasley v. Fam. Dollar*, No. 1:11CV2385, 2012 WL 629953, at *2 (N.D. Ohio Feb. 27, 2012) (holding that plaintiff's contribution to the delay "supports sufficient excusable neglect.").

**D.      NSI has acted in good faith, which weighs in favor of granting this motion**

NSI has acted in good faith in seeking to file its Amended Fees Motion. Again, NSI followed this Court's schedule and did timely file its First Fees Motion. Absent Horizon's bankruptcy petition, this case would have been resolved on that motion.

Regardless, through its Amended Fees Motion, NSI seeks to streamline the final disposition of this case. NSI no longer seeks relief from Horizon. NSI no longer seeks additional discovery. NSI seeks recovery from Horizon's counsel on the same two grounds as its First Fees Motion, § 1927 and this Court's inherent powers. Further, NSI attached its Memorandum in Support of its Amended Fees Motion, so the Court and the parties can verify these points. Because that filing is already fully prepared, upon the granting of this motion for extension of time, NSI can promptly file the Amended Fees Motion to avoid any further delay.

In response to Horizon's bankruptcy filing, NSI has acted in good faith to streamline issues and position this case for more prompt resolution. Accordingly, this factor weighs in favor of granting this motion for extension.

## IV.     CONCLUSION

For the reasons stated herein, NSI respectfully asks this Court to grant this motion.

Dated:  June 26, 2026　　　　　Respectfully submitted,

By: _/s/ Ron N. Sklar_____

　　　　　Ron N. Sklar
　　　　　Dennis J. Abdelnour
　　　　　**HONIGMAN LLP**
　　　　　321 N. Clark St., Ste. 500
　　　　　Chicago, IL 60654
　　　　　(312) 701-9300
　　　　　rsklar@honigman.com
　　　　　dabdelnour@honigman.com

　　　　　Jay R. Campbell (0041293)
　　　　　Carter Ostrowski (0102302)
　　　　　**TUCKER ELLIS LLP**
　　　　　950 Main Avenue Suite 1100
　　　　　Cleveland, OH 44113
　　　　　(216) 592-5000
　　　　　jay.campbell@tuckerellis.com
　　　　　david.bernstein@tuckerellis.com

　　　　　*Attorneys for Defendant Northern Stamping, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all registered users.

/s/ *Ron N. Sklar*